<hr />

THERON M. COOLEY *vs.* BARTHOLOMEW GILLAN AND
ANOTHER.

New Haven Co., June T., 1886. PARK, C. J., CARPENTER, PARDEE,
LOOMIS and GRANGER, JS.

It is well settled that a contract for the sale of personal property, to be at once delivered to the vendee, but the title to remain in the vendor until the price is paid, is valid.

Cooley *v.* Gillan.

Under the act of 1882 (Session Laws 1882, p. 146, sec. 8) which provides that errors are not to be considered on an appeal unless it appears on the record that the questions made were distinctly raised at the trial and decided adversely by the court, this court will hold itself at liberty to lay such errors out of consideration even though no objection is made by the opposing counsel in the argument.

In replevin for sundry articles of personal property the court rendered judgment for the plaintiff as to all the articles but one, as to which it rendered judgment that it be returned to the defendants. The court ' allowed full costs to the plaintiff and only the cost of certain witnesses to the defendants. Held to be no error.

[Argued June 3d—decided July 9th, 1886.]

REPLEVIN for a pair of horses, a double harness, a hack, a pair of blankets and a whip; brought to the Court of Common Pleas of New Haven County. The defendants pleaded a general denial, and that the property was that of one Phillips, and had been attached by them as his. The case was tried before *Deming, J.,* who found the facts and rendered judgment for the plaintiff as to one of the horses, known as the gray horse, and as to the hack, harness, blankets and whip, and for a return to the defendants of the other horse. The court taxed full costs in favor of the plaintiff to the amount of $44.90, and costs for two witnesses ($1.70) in favor of the defendants—leaving a balance of costs in favor of the plaintiff of $43.20. The defendants appealed from the judgment on the ground of errors in the ruling of the court as to points of law and as to costs. The facts found and the points made are sufficiently stated in the opinion.

*W. E. Munson,* for the appellants.

*W. B. Stoddard,* with whom was *G. R. Cooley,* for the appellee.

GRANGER, J. This is an action of replevin for two horses, a hack, a pair of harnesses, two blankets and a whip, which were attached· by the defendants as the property of one Phillips. The plaintiff claims to have been the owner

VOL. LIV—6

of them at the time of the attachment. The Court of Common Pleas decided that one of the horses and the hack, harnesses, blankets and whip, were the property of the plaintiff, and as to them rendered judgment in his favor. The other horse the court found to have been the property of Phillips at the time of the attachment and as to that rendered judgment for the defendants. The defendants appealed from the judgment against them.

Some reasons of appeal that were assigned we shall not consider, as it does not appear that the questions were made and decided in the court below. Under the statute of 1882 (Session Laws of 1882, p. 146, sec. 8,) no errors are to be considered on an appeal "unless it appears on the record that the questions made were distinctly raised at the trial and were decided adversely by the court." This court will always hold itself at liberty to lay such questions out of consideration, even though no objection to their consideration is interposed by the opposing counsel upon the argument here.

The court below finds that for some time prior to February, 1885, Wales O. Hotchkiss was the owner of the hack, harnesses, blankets and whip, and of one of the horses, known as the gray horse; and that for about eighteen months before that time this property had been in the possession of Phillips, who was a hack driver, and who had received it from Hotchkiss under a written agreement, in the form of a lease, by which they were to remain the property of Hotchkiss until a certain agreed price was paid for them. This price was never paid. While this agreement was pending Hotchkiss, at the request of Phillips, sold the property to Cooley, the plaintiff. It was then in the barn of Cooley, where it had been kept by Phillips during the eighteen months preceding. Hotchkiss gave Cooley a bill of sale of it, acknowledging the receipt of the price, which was $200. Cooley at the same time agreed to sell it to Phillips for $200, the title to remain in Cooley till the $200 was paid—but Phillips to pay $5 a week, to be taken as rent for its use, until it was paid for. Under this arrangement

Phillips gave his note to Cooley for the $200. The property after this was kept in Cooley's barn as before. The note had not been paid when the defendants attached the property. The court found the property to have been at the time of the attachment the property of Cooley.

This finding leaves really no question of law for us to consider. But it is contended, first, that under such a contract the title could not remain in Cooley, and, in the next place, that there was not a sufficient delivery of possession to Cooley to make the sale good against the creditors of Phillips.

But it has been settled by repeated decisions of this court from *Forbes* v. *Marsh*, 15 Conn., 384, down to *Appleton* v. *Norwalk Library Corporation*, 53 Conn., 4, that such a conditional sale is a valid one and that the title remains in the vendor.

And as to the question of the change of possession—if the title was in Hotchkiss and not in Phillips at the time of the sale by Hotchkiss to Cooley, then no change of possession was necessary as against the creditors of Phillips; and if a change would otherwise have been necessary, yet here the property was already in Cooley's barn, and therefore visibly in his possession when he bought it.

As to the question of costs. The judgment of the court as it appears upon the record is as follows:—" The court having heard the parties finds the issue in part for the plaintiff. Whereupon it is adjudged that the plaintiff retain possession of the gray horse, hack, double harness, two blankets and whip; the defendants to have return of the bay horse. The plaintiff to have costs taxed at $44.90 and defendants to have costs for two witnesses at $1.70, leaving a balance of costs to be recovered by the plaintiff amounting to $43.20." We find no error in this ruling as to costs. There was really one issue, the plaintiff simply failing to make good his title to all that he claimed. An allowance to the defendants of the cost of their witnesses upon that part of the case that was decided in their favor is clearly

all that they were entitled to, if they were entitled to any costs.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.