Hasbrouck v. Winkler.

---

ANNIE I. HASBROUCK v. WILLIAM WINKLER ET AL.

1. The Newark District Court has power to amend during trial, by changing the action from case to trespass and by adding a plaintiff.
2. A part owner of goods, in possession of them, may recover all the damages resulting from a trespass upon the goods committed by a stranger.
3. A promise held to be *nudum pactum*, and therefore unenforceable in law.

---

On *certiorari* to review a judgment of the Essex Common Pleas affirming a judgment of the Newark District Court.

Argued at February Term, 1886, before Justices DEPUE, DIXON and REED.

For the plaintiff, *Wm. G. Cumming.*

For the defendants, *Abner Kalisch.*

The opinion of the court was delivered by

DIXON, J.   The first reason for reversal is that the action in the District Court was in the form of " trespass on the case " when it should have been " trespass." This objection was not presented below.   Had it been, an amendment could have been made under the authority of section 5 of the Newark District Courts act, (*Pamph. L.* 1873, *p.* 245,) section 2 of the supplement to the Small Cause act, approved February 6th, 1858, (*Pamph. L., p.* 33,) and section 46 of the Practice act, (*Nix. Dig., p.* 739.) The proceedings may now be amended. *American Life Ins. Co.* v. *Day,* 10 *Vroom* 89.

The next reason for reversal is that in the District Court the judge ruled that the following testimony would not warrant the jury in finding that a written lease was changed by a subsequent agreement of the parties, so as to make the monthly rent under the lease payable in advance : " After the lease was signed, the lessor said to the lessee, ' Mr. Winkler, I expect my rent on the 1st of the month ; ' the lessee said, ' Very well.' Rent was paid on April 1st and May 2d, (May 1st being Sunday.") We think the ruling was correct, assuming that this testimony shows a promise by the lessee to pay the rent in advance, yet such promise appears to have been "*nudum pactum.*" The rights of the parties were already fixed by the written lease, and there was nothing, either of benefit to the promisor or of detriment to the promisee, beyond the mutual obligations established by the lease, to stand as consideration for the oral promise. Therefore it did not legally modify the contract previously made. *Nightingale* v. *McGinnis,* 5 *Vroom* 461 ; *Conover* v. *Stillwell,* 5 *Vroom* 54.

The last reason to be noticed is that when during the trial in the District Court, it appeared that the original plaintiff's wife was a part owner of the goods for the destruction of which the suit was brought, and it was moved to nonsuit the

Devault v. Mayor of Camden.

plaintiff because his wife did not join in the action, the court refused to nonsuit and permitted the wife to be joined as co-plaintiff. We think the amendment was within the authority conferred by the statutes above mentioned. *Farrier* v. *Schroeder*, 11 *Vroom* 601. Besides, it did not in the least affect the merits of the suit. The husband, being in possession of the goods as an owner, at the time of the trespass by the defendant, a stranger to the title, had himself the right of recovering all the damages resulting from the injury done. *Luse* v. *Jones*, 10 *Vroom* 707.

The judgment of the Common Pleas should be affirmed.