In re HALSTEAD & CO.

JAMES E. WARE & SON v. GRIFFIN.

(Circuit Court of Appeals, Third Circuit. January 31, 1914. On Petition for Rehearing, April 1, 1914.)

No. 67.

CORPORATIONS (§ 590*)—CONSOLIDATION—CONTRACTS—ASSUMED DEBTS.

A contract for the consolidation of a firm and certain other corporations provided that the assets should aggregate a specified sum, and on that basis the total amount of the firm's debts to be assumed by the consolidated corporation should not exceed $100,000, but if the assets exceeded the amount specified, the indebtedness might also exceed $100,000 to the same extent, and that any claim against the firm for work done or materials furnished should be assumed and paid by the consolidated company. Held, that the consolidated company was not liable for an in-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

debtedness of the firm to certain architects for services not included in the liabilities determined at the time of consolidation, nor computed nor considered at the time the corporation settled its obligations with the members of the firm under the consolidation contract.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2354, 2361–2367; Dec. Dig. § 590.*]

Appeal from the District Court of the United States for the District of New Jersey; Joseph Cross, Judge.

In the matter of bankruptcy proceedings of Halstead & Co. From an order reversing a referee's order, allowing in part the claim of James E. Ware & Son (204 Fed. 115), they appeal. Affirmed.

John W. Remer, of New York City, for James E. Ware & Son.
McDermott & Enright, of Jersey City, N. J., for Griffin.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

PER CURIAM. In the bankruptcy in the court below of Halstead & Co., a corporation, Ware & Son, the appellants, presented a claim, inter alia, for services as architect, rendered to Halstead & Co., a partnership. This claim they averred had been assumed by the bankrupt in a written contract between the corporation and the partnership. The referee allowed the part of the claim here in controversy, but his action was reversed by the court below. From a decree so holding Ware & Son appealed to this court. The opinion of the lower court is reported at 204 Fed. 115, by reference to which a restatement of the facts is avoided. After argument and due consideration this court agrees with the court below that by the writing in question the bankrupt did not assume the rejected claim.

As no principle or precedent is involved, simply the construction of a writing, we limit ourselves to announcing such conclusion and affirming the order of the lower court.

## On Petition for Rehearing.

BUFFINGTON, Circuit Judge. In view of the earnest insistence by brief of counsel for Ware & Son, we have again considered this case and see no reason to change our previously expressed opinions and conclusion. As stated in the opinion of the court below, 204 Fed. 116:

"The claim in question is for architect fees and services alleged to have been performed by Ware & Sons for a partnership known as Halstead & Co., which partnership later became merged in the manner hereinafter described in the bankrupt corporation, also known as Halstead & Co. It is not claimed that Ware & Sons did any work or performed any services for the bankrupt, or that there is any direct privity of contract between them and the bankrupt. If they have any claim against the bankrupt's estate, it arises out of a clause in the agreement of consolidation, pursuant to which the bankrupt subsequently purchased the assets of the firm of Halstead & Co., and of other concerns hereinafter named."

Our holding was that:

"This court agrees with the court below that by the writing in question the bankrupt did not assume the rejected claim."

، The court below further found and held, and we agree therewith, that:

"As to any alleged recognition of or promise to pay the claim of Ware & Sons by letter of one of the officers of the corporation, written after the consolidation agreement was carried out, it is sufficient to say that it does not appear that such officer had any authority from the corporation to write it. Moreover, if it can be construed to contain any promise to pay, such promise was manifestly without consideration and void. Hasbrouck v. Winkler et al., 48 N. J. Law, 431, 6 Atl. 22."

Such being the case, the corporation Halstead & Co., having neither stipulated by the contract to pay the Ware claim, and not having subsequently legally otherwise assumed its payment, this court, adopting the full and clear opinion of the court below, adheres to its previously announced decision, which was and is to affirm the order of the court below.