IN THE

# SUPREME JUDICIAL COURT,

FOR THE

# COUNTY OF YORK,

## 1850.

---

### COVELL & als. *versus* DOLLOFF.

By R. S. ch. 125, the mortgager of personal property is allowed sixty days, in which to redeem the same, after condition broken.

Although the mortgagee may have taken possession for condition broken, the law does not appropriate the property to the payment of the debt, until the end of the sixty days.

The mortgagee in possession, after condition broken, and while the right of redemption exists, is bound only to ordinary diligence for the preservation of the property.

If the property be destroyed, without fault on his part, while thus holding it for the security of his debt, he is not bound to account for its value.

ASSUMPSIT. In security for the debt due to the plaintiffs, one Jesse Dolloff, a brother of the defendant, had mortgaged to them an undivided part of a store, standing upon land of a third person.

The debt was payable on demand. In the mortgage, no time was limited for the payment. This action was commenced on the 5th of December, 1848, and the plaintiffs took possession of the store, under the mortgage, on the 19th of the same month. And on the 21st, the store was consumed by fire, without the fault of the plaintiffs or of the defendant.

Covell *v.* Dolloff.

The defendant claims to have the value of the store deducted from the amount, due from him upon the mortgage-debt; and that claim is resisted by the plaintiffs.

Upon this point, the case was submitted for the decision of the court.

*Eastman*, for the plaintiffs.

*Wilkinson* and *Tapley*, for the defendant.

1. The mortgage, having been made to the plaintiffs by one person, to secure a debt due to them from another, they are to be considered as stipulating to accept the property toward the payment, subject to the right of redemption.

2. The suit brought for the recovery of the debt, on the 5th of December, 1848, was a very significant demand, and the failure at that time to pay the debt, was a breach of the condition of the mortgage.

3. Upon that breach of the condition, the property was, at law, forfeited to the plaintiffs. The right of redemption is but a personal privilege, secured to the mortgager. It is optional with him whether to redeem or not. He is not compellable to do it. If the debt be paid before a breach, the property reverts by operation of law. But if not paid before a breach, the property cannot be revested in the mortgager, except by a re-conveyance or by judgment of court upon an appropriate process. In this case, he elected not to redeem. The property therefore passed to the plaintiffs, and it must be appropriated toward payment of the mortgage-debt. *Green* v. *Dingley*, 24 Maine, 138; *Flanders* v. *Barstow*, 18 Maine, 357; 4 Kent's Com. 138, 6th edition.

4. The destruction of the property by fire cannot relieve the plaintiffs from their accountability. It takes away their power to reconvey, and precludes the mortgager from any recovery of it by process of law. Reading of Judge Trowbridge on mortgages; 8 Mass. 557.

5. The right of redemption expired before the plaintiff's action was entered in court.

HOWARD, J. — The plaintiffs, as creditors of the defendant,

took a mortgage of personal property, being "parts of a building," from Jesse Dolloff, to secure the payment of the debt. The mortgage was to be void upon the payment of the debt by the defendant, or by the mortgager.

The indebtment of the defendant continuing, this suit was commenced on December 5, 1848; on the 19th of the same month, the plaintiffs took possession of the property mortgaged, for condition broken, and on the 21st, two days afterward, "the building was totally destroyed by a fire which originated in, and was communicated from, another building in the vicinity, and without any fault on the part of the plaintiffs, or of the defendant."

The question for consideration, by the agreed statement is, whether the plaintiffs are legally responsible for the value of the property thus destroyed, as a payment, or in set-off, *pro tanto*.

By the Revised Statutes, chap. 125, § 30, the mortgager of personal property has sixty days in which he can redeem the property, after condition broken.  By the mortgage the plaintiffs acquired a conditional title, only, to the property ; and by taking possession, for condition broken, their title was not perfected ; for the debt remained due, and the mortgager could redeem within the time prescribed by the statute.  So long as the right of redemption existed, the title to the property could not become absolute in the plaintiffs, nor could they appropriate it in payment of their debt; and, until their title was perfected, the law would not thus appropriate the property. *Portland Bank* v. *Fox*, 19 Maine, 99 ; *West* v. *Chamberlain*, 8 Pick. 336 ; *Greene* v. *Dingley*, 24 Maine, 131.

The mortgagee of personal property, in possession after condition broken, and while the right of redemption exists, is responsible for ordinary diligence in the management and preservation of the property, and is liable for ordinary neglect.  In this respect his duties and responsibilities are similar to those of a pawnee.   If the property be destroyed without fault on his part, he cannot, while thus holding it as security for his debt, be held to account for it.  But for the net proceeds of

the income or profits, accruing to him before the destruction, he would be accountable. 1 Pothier on Obligations, 142, P. 1, c. 2, art. 1 ; Story on Bailments, § 286, 287, 332, 351 ; 2 Kent's Com. 578 ; 4 Kent's Com. 138, 139.

The cases of *Flanders* v. *Barstow*, 18 Maine, 357, and *Bank* v. *Fox*, 19 Maine, 99, were decided before August 1, 1841, when the statute giving the mortgager of personal property a right of redemption, took effect.

Upon the principles stated, the defendant is not entitled to the set-off claimed, and according to the agreement, he is to be defaulted,· and judgment must be entered for the plaintiffs, for the amount of their demand, with interest from the date of the writ.