## Ford *v.* Nesbitt.

### Opinion delivered March 5, 1904.

1. MORTGAGE SALE—NOTICE.—Under a mortgage requiring that notice of a sale under a power therein contained should be given by the person making the sale, a notice in the name of the deceased mortgagee is insufficient. (Page 269.)

2. SAME—CONFIRMATION.—A mortgage sale not conducted in accordance with the power therein contained cannot be validated in equity. (Page 269.)

3. MORTGAGE FORECLOSURE—LIMITATION.—Equity will not decree the foreclosure of a mortgage where the debt secured is barred. (Page 269.)

Appeal from Conway Circuit Court in Chancery.

WILLIAM L. MOOSE, Judge.

Reversed.

*J. F. Sellers,* for appellants.

The action was barred. Sand. & H. Dig. § 5094; 64 Ark. 305; 66 Ark. 204. The power in a mortgage to make a sale must be strictly followed. 73 Mass. 243; 4 Kent, 372; 55 Ark. 326; 56 Ark. 134; 8 S. W. 523. The appointment of the substituted trustee was without authority. Story, Ag. 13; Hill, Trustees, 279, 734; 28 Tex. 169; 2 Perry, Trusts, 495. There was no appraisement. Sand. & H. Dig. § § 5112-5113.

*Chas. C. Reid* and *F. N. Bruce,* for appellees.

The heirs of B. F. Nesbitt had authority to execute the power of sale. 3 Am. & Eng. Enc. Law (2d Ed.), 156; 1 New Eng. Rep. 885; 1 Vent. 338; Hill, Trustees, 173. "Assigns" includes personal representatives. Jac. Law Dic.; 15 Blatchf. 69; 7 Bac. Abr. 61; 34 Ala. 356; 7 N. Y. 312; Hill, Trustees, 471, 316; 2 Perry, Trusts, § 490; Wiltsie, Mortgage Foreclosures, 772, 119; 9 So. Rep. 535; 8 *Id.* 787; 80 Ala. 263; 5 So. Rep. 503; 2 Perry, Trusts, § § 494-500; 2 Jones, Mortg. 1785-1787; 2 Wash. Real Prop. 69. Anyone who owns the debt may execute the power of sale. 47 N. Y. 375; 9 So. Rep. 535; 26 S. E. 56; 166 Ill. 580; 51 Atl. 85; 73 Fed. 23; 96 Ga. 246; 160 Ill. 330. Appellees had authority to execute the power of sale through their agent. 2 Jones, Mortg. 1861; 2 So. Rep. 733; 74 Ala. 323; 56 Ala. 211; 9 Enc. Pl. & Pr. 180; 1 Perry, Trusts, § § 38, 408; 8 S .W. 523; 60 So. 840; 50 N. W. 478; 12 So. 800; 22 S. E. 928; 84 N. W. 1024; 58 Cal. 339; 88 Ill. 557; 97 Mass. 391; 60 Mich. 459. The notice was sufficient to entitle appellees to have the sale confirmed in equity; no prejudice appearing. 9 Enc. Pleading and Practice, 167; 66 N. W. 451; 6 R. I. 64; 13 R. I. 225; 62 Md. 347; 1 Hun, 546; 21 N. Y. 16; 156 U. S. 470; 103 Ill. 349; 69 Ill. 516; 48 Ill. 428; 79 Tex. 231; Hill, Trustees, 479; 2 Wash. Real Prop. 654, 676. The record shows no appraisement. 9 Am. & Eng. Pleading and Practice, 179; 73 Mo. 311.

Bunn, C. J. The appellees brought this suit by bill in equity against the appellants to confirm a sale admitted to have been irregularly made, and in the alternative to foreclose the mortgage under which the defective sale had been made. It appears that appellants on the 28th of November, 1892, being

indebted to the ancestor of the appellees, B. F. Nesbitt, executed and delievered to him of that date three promissory notes for the sum of $346.86, and due and payable on the 1st day of December, 1893, and to secure the same on the same day executed and delivered to him their mortgage on certain lands therein described; that afterwards the said B. F. Nesbitt died, and still later the heirs at law of B. F. Nesbitt made and delivered to A. J. Nesbitt a power of attorney authorizing him "to collect all debts and claims and any moneys, and to sell any and all personal property, real estate, and make deeds to any sale of real estate, and transact any business in regard to the estate of [our father] B. F. Nesbitt, deceased." And under this power of attorney the said A. J. Nesbitt proceeded to sell the property included in said mortgage, first advertising said sale over the name of said B. F. Nesbitt, but in other respects as directed in said mortgage. The sale was claimed by appellees to have been made on the 8th of November, 1897.

It is admitted in the bill that the sale was irregular, on account of the notice having been given in the name of B. F. Nesbitt, deceased. The said A. J. Nesbitt had no power to sell said property otherwise than under the terms of the mortgage, which required notice of said sale to be given by the person making the sale, as set forth in the mortgage. One of the material things to be done was to give the notice properly, and to give notice in the name of the deceased mortgagee was no notice, and this was admitted in the complaint to be a defect in the sale.

The property in the mortgage could not be alienated from the mortgagors except in strict accordance with the power therein conferred by that instrument, nor could a court of equity assume to confirm and make valid a sale not made in strict accordance therewith. It is unnecessary to consider how far a power of attorney may fall short of clothing one with the powers of a trustee in succession.

The defendants pleaded the statute of limitation on the note and mortgage, and on its face the mortgage shows that the note (the same not being present) was due December 1, 1893, and, unless something were shown to take the case out of the five years' statute of limitations, it would be barred when this suit was instituted on the 25th of January, 1899. Such being the

facts as they appear of record, the sale was void, and the note was barred at the time of the institution of this suit, and therefore neither prayer nor alternative prayer should have been granted, and the decree is reversed, and the bill dismissed for want of equity.