HOLLENBERG MUSIC COMPANY *v.* BARRON.

Opinion delivered October 23, 1911.

SALES—DESTRUCTION OF THING SOLD IN SELLER'S POSSESSION—LIABILITY.—
   Where the seller of personal property reserved title until the purchase price should be paid, and upon default in payment thereof brought

replevin to recover possession of the property, and the property was destroyed by fire while in the seller's possession, without fault on the part of the seller, the buyer cannot tender the balance of the purchase money, and recover the value of the property.

Appeal from Pulaski Circuit Court, First Division; *Robert J. Lea*, Judge; reversed.

### STATEMENT BY THE COURT.

This suit was begun before a justice of the peace by the Hollenberg Music Company against Claude Barron and others to recover the possession of a piano. On October 7, 1909, judgment by default was rendered in favor of the plaintiff, the judgment being in the alternative for the return of the piano or the recovery of the sum of $300, and the defendant appealed.

In the circuit court the case was tried before the court sitting as a jury. The material facts are practically undisputed, and are substantially as follows:

In 1905 the Hollenberg Music Company sold to R. H. Lusby a Kimball piano for $400. The second paragraph of the contract of sale reads as follows:

"It is understood and agreed that no title in or to the above described instrument passes from the Hollenberg Music Company to me until all payments as hereinafter mentioned are paid in full, and in default of any three or more payments, all payments become due and payable upon demand of the Hollenberg Music Company, or in lieu thereof, at the option of the Hollenberg Music Company, I agree and promise to pay to the said company five and no-100 dollars per month rent for the use of said instrument, figuring from the date of delivery until its return to the company at Little Rock."

The piano was delivered to Lusby, and Lusby turned over to the company in part payment of the purchase price of $400 an old piano, for which he was given credit for $175. He was to pay the balance of the purchase money at the rate of $10 per month. For about one year Lusby kept up his monthly payments. He made no payments after that time except one of $10 on February 11, 1908.

Suit was commenced on September 22, 1909, and plaintiff gave a bond for the possession of the piano. The constable took the piano from the possession of the defendant, Claude Barron, and, the defendants failing to give a cross-bond, the

piano was delivered to the plaintiff. It remained in the possession of the plaintiff until it was destroyed by fire on the 3d day of January, 1911.

It is conceded that the piano was destroyed without any fault on the part of the plaintiff. Defendants paid $300 on the purchase price, and at the time of the trial there was due from the defendants to the plaintiff the sum of $136.40, balance of the purchase money.

The court found these facts, and that it was impossible for the plaintiff to deliver the piano to the defendants upon the payment of the balance of the purchase price. A judgment was rendered in favor of the defendants against the plaintiff for $300, but the costs were adjudged against the defendant Claud Barron. The plaintiff has appealed.

*Rose, Hemingway, Cantrell & Loughborough,* and *C. P. Harnwell,* for appellant.

1. As between appellant and Lusby, the title was in appellant, and under the terms of the contract the latter was clearly entitled to repossess itself of the piano when he failed to perform his part of the contract.

The effect of the court's holding is that Lusby was the owner of the piano, which was clearly erroneous. And the court was not justified in considering the replevin bond alone, and that feature of it which recited that the property should be returned to defendant in case of judgment for him, without considering appellant's right of possession and Lusby's default and the terms of the contract itself. 74 Ark. 340; 90 Ark. 300; 50 Ark. 300.

Whether an obligee can recover in an action on a replevin bond depends on his right to the possession; if it appears that he has no legal title or right to possession, then nominal damages only can be recovered, if any at all. 55 Kan. 94; 79 Me. 452; 52 Cal. 476; 53 Me. 308.

2. Where property is sold under the terms of a conditional sale, and default is made by the purchaser, the seller has the option either to retake the property or to sue the buyer for the purchase price. 54 N. H. 474; 19 S. C. 445; 18 S. W. 136; 35 S. W. (Tex. Civ. App.) 396; Fed. Case No. 10574 (1 Spr. 31); 58 Ga. 379; 46 Ill. App. 501; 60 Ind. 214; 89

Mich. 476; 47 Mo. App. 55; 29 W. Va. 362; 92 Wis. 157·
1 Wyo. 213.

3. After Lusby had had the use of the piano for five years, during which time it had necessarily deteriorated in value, it was neither just nor equitable to adjudge against appellant that it should refund to him the total amount he had paid in. 25 Kan. 492; 56 Miss. 552; 46 Ill. App. 501; 51 Ga. 862; 21 N. Y. Supp. 1006; 23 Hun (N. Y.) 141; 41 Mo. 231; 23 Mich. 260; 16 Ill. App. 277.

4. The effect of the court's judgment was to hold that, because appellant gave a replevin bond and took the piano and it was destroyed through the fault of neither party, the loss should fall upon appellant. This is unjust and inequitable because the condition which arose and made it possible for the piano to be destroyed was through the sole fault of Lusby. 88 Ark. 497 and cases cited.

Where a chattel is sold with reservation of title in the seller until the purchase price is paid in full, and the property is destroyed by fire before part of the purchase money is paid, while in possession of the buyer, it will not relieve him from his undertaking to pay the full price agreed upon. · 82 Ark. 9 and cases cited.

5. Appellant is not liable for loss of the piano because it was acting as a mere bailee, and the piano was *in custodia legis.* 162 Mo. 474; 9 N. H. 440; 87 Mich. 543; 162 Mo. 474; 1 Mont. 570; 60 Vt. 338; 42 Ill. 34; 7 Neb. 201; 48 Ark. 273.

*Bradshaw, Rhoton & Helm,* for appellees.

1. The act of May 23, 1901, Kirby's Dig. § 6869, gives the defendant an equity in the property for the amount he has paid on it, which he was entitled to preserve by the payment of the balance of the purchase price. Appellant was not entitled to judgment for the balance of the purchase price, except upon condition that it return the piano to the defendant, which it could not do. 70 Ark. 348. Before an officer shall take charge of property under a writ of replevin, the law requires that the plaintiff execute a bond. Kirby's Dig. § 6863.

But it is not necessary for the plaintiff to execute this bond in order to preserve his rights. He may wait until the court determines his right to possession, before having the officer

to take charge of the property, and before putting himself in position which will require the delivery of the property into his possession.

2.   The property was not *in custodia legis*. 24 Ark. 216.

HART, J., (after stating the facts).   Counsel for the defendant rely on section 6869 of Kirby's Digest to sustain the judgment of the court.   It is as follows:

"In any action in a justice court, or circuit court of this State, where it is attempted to foreclose any mortgage, deed of trust, or to replevy, under such mortgage, deed of trust or other instrument, any personal property, the defendant or defendants in said action shall have the right to prove or show any payment or payments or set-off under such said mortgage, deed of trust or other instrument, and judgment shall be rendered for the property or the balance due thereon, and the defendant may pay the judgment for the balance due and costs within ten days, and satisfy the judgment, and retain the property."

They contend that the words "or other instrument" embrace contracts where the seller retains title to the property until the payment of the purchase money; and that where the buyer has paid a part of the purchase price, he has an equity in the property for the amount he has paid on it, and is entitled to preserve this equity by the payment of the balance of the purchase price in cases where the seller has exercised his option to regain possession of the property for a failure of performance of the conditions of the contract by the buyer.

We do not decide whether or not the words "or other instrument" include contracts where the seller has retained title to the property until the purchase money is paid; for we are of the opinion that in giving the statute the construction contended for by counsel for the defendants the judgment of the court was wrong.

"The principle is well established that the seller of personal property who has reserved title until the purchase price is paid may, upon default of payment, retake the property, and thereby cancel the debt, or he may sue to recover the debt, and thereby affirm the sale, in which case he looks to the debtor and not to the property; in the other case he looks to the property and not to the debtor." *Bell* v. *Old*, 88 Ark. 99.

He also has the right to hold the property until the purchase money is paid. *Hendrickson Lumber Co.* v. *Pretorious,* 82 Ark. 347.

In the case before us it is conceded that the defendants made default in the payment of the purchase money, and after default was made refused to deliver possession of the piano to the plaintiff. The latter, therefore, had the right to replevy the piano and hold possession of it until the price was paid.

There is some conflict in the authorities on the right of the seller, retaining title to the property until the payment of the purchase money, to recover the amount unpaid where the property has been destroyed without fault of the vendee; but the decided weight is in favor of the seller's right to recover, and this court has so decided. *Phillips* v. *Hollenberg Music Co.,* 82 Ark. 9.

The contract in question imposed upon the defendant, Lusby, an absolute obligation to pay the purchase price. When default in payment was made, even under the construction placed upon the act in question by the defendant, the plaintiff had the right to retake the property, and hold it until payment was made. If, then, its possession was not wrongful, it is difficult to perceive upon what principle of reason and justice he should be held liable for the destruction of the piano, which occurred without fault on his part.

Counsel have not cited us to any case where the precise question involved has been decided, and after a careful search, we have been unable to find one. But in the case of *Whitlock* v. *Auburn Lumber Co.,* 12 L. R. A. (N. C.) p. 1214, the Supreme Court of North Carolina held that where property is sold upon condition that title shall remain in the seller until the price is paid, and is retained in the seller's possession subject to the buyer's order, the loss in case of its accidental destruction will fall on the buyer.

The court said: "It is familiar learning, and such an elementary and just principle as to have become axiomatic, that one party will not be permitted to plead his own act or fault which has prevented the performance of a contract by the other party, in order to defeat the latter's recovery thereon. It is just a simple application of the maxim that no man will be allowed to take advantage of his own wrong; and the

doctrine has been strikingly illustrated in its application to cases analogous to this one."

Giving the act the construction contended for by counsel for the defendants, the plaintiff, being rightfully in the possession of the piano, would at least have the right to hold it as security until the balance of the purchase price was paid. The situation of the plaintiff then would' be analogous to that of a mortgagee or pawnee in possession after default made by the mortgagor or pawnor.

In the case of *Covell* v. *Dolloff*, 31 Me. 104, the court said: "The mortgagee of personal property, in possession after condition broken, and while the right of redemption exists, is responsible for ordinary diligence in the management and preservation of the property, and is liable for ordinary neglect. In this respect his duties and responsibilities are similar to those of a pawnee. If the property be destroyed without fault on his part, he cannot, while thus holding it as security for his debt, be held to account for it." See also *Morrow* v. *Turney's Admr.*, 35 Ala. 131.

By analogy, we hold that the plaintiff, being rightfully in possession of the piano after condition broken by default in the payment of the purchase money by the defendants, was bound only to ordinary diligence for the preservation of it, and should not bear the loss of the piano, which it is conceded was accidentally destroyed by fire.

For the error indicated in the opinion, the judgment will be reversed, and the cause remanded for a new trial.

KIRBY, J., dissents.