O'NEILL-ADAMS COMPANY *vs.* ERICK A. EKLUND ET AL.

Third Judicial District, New Haven, January Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The accidental destruction by fire of property purchased upon the
instalment plan, before full payment therefor has been made and
while the vendor still retains title as security for the vendee's
performance, does not relieve the latter from his absolute and
unconditional promise to pay the full amount of the purchase
price, either at common law or under the provisions of § 22 of
chapter 212 of the Public Acts of 1907, commonly known as the
Sales Act.

Argued January 19th—decided March 26th, 1915.

ACTION to recover the balance of the purchase price of
a player-piano sold upon the instalment plan, brought
to and tried by the Court of Common Pleas in Fair-
field County, *Scott, J.*, upon the plaintiff's demurrer
to the defendants' answer; the court sustained the
demurrer and, upon the defendants' refusal to plead
over, rendered judgment for the plaintiff for $393, from
which the defendants appealed. *No error.*

*Spotswood D. Bowers*, for the appellants (defendants).

*Clarence R. Hall*, with whom was *John T. L. Hubbard*,
for the appellee (plaintiff).

RORABACK, J. It appears from the complaint that
the plaintiff entered into a written contract with the
defendant Erick A. Eklund, by which the defendant
agreed to purchase of the plaintiff one Newton player-
piano for $395, payable in instalments as follows:
$5 upon the signing of the contract and $2 per week
until the purchase price was paid in full. By one clause

in the contract the defendant agreed "that I will at my expense keep the same insured in some responsible fire insurance company to its full value for the benefit of O'Neil-Adams Co., as their interest may appear, and will deliver said insurance policy to them, and that in case I neglect to so insure and deliver said policy, O'Neil-Adams Co. may effect said insurance, and add the premium to the next instalment." It was also provided in the contract that "in case of default in any instalment or other payment, interest at the rate of 6% shall become due and payable upon all instalments so in default or arrears, and the entire amount shall at the option of O'Neil-Adams Co. become immediately due, but a waiver or extension of any of said payments shall not be considered a waiver of any of the terms or conditions of this contract." The contract also contained the following provision: "That until the said purchase price, judgment or judgments, interest or other payments as hereinabove provided are paid in full, said instrument shall remain the sole property of O'Neil-Adams Co." It is also alleged in the complaint that, in pursuance of this contract, the plaintiff delivered to the defendant the piano-player, for which the defendant has paid therefor $37, but has wholly neglected and refused to pay further therefor according to the terms of the contract.

The answer admitted the allegations set forth in the complaint, except that it was averred that the defendant had performed his part of the contract. It was also alleged in the defendants' answer and counterclaim that the neglect and refusal to pay was caused solely by the fact that the piano-player was destroyed by fire without the fault or negligence of the defendants.

The plaintiff demurred to this part of the defendants' answer, urging, among other things, that it was

insufficient in that, upon the facts disclosed by the pleadings, the risk of loss by fire was upon the defendants.

The demurrer was sustained. The trial court, in sustaining the demurrer, stated that the contract "contains a provision that requires the buyer to keep the piano insured for its full value; the answer sets up that the defendant has, at all times, performed his part of the contract. I assume, from the argument, that the piano was not insured. If the defendant did carry out this provision of his contract, and the plaintiff has received the benefit of the policy, the answer may be amended to set up this fact; if the amendment is not made, I shall take it for granted that the facts will not warrant such an allegation." The defendants refused to plead further, and judgment was rendered for the plaintiff.

The question presented by the appeal is this: Can there be a recovery for property sold and delivered on condition that the title shall not pass until full payment has been made therefor, when, without fault of the purchaser, the property is destroyed? There is some conflict of authority on the right of a vendor, who retains title to the property until the payment of the purchase money, to recover the amount unpaid when the property has been destroyed without the fault of the vendee.

The Sales Act, drafted by Professor Williston, was adopted by this State in 1907. This Act provides: "Unless otherwise agreed, the goods remain at the seller's risk until the property therein is transferred to the buyer, but when the property therein is transferred to the buyer the goods are at the buyer's risk whether delivery has been made or not, except that (a) where delivery of the goods has been made to the buyer, or to a bailee for the buyer, in pursuance of

O'Neill-Adams Co. *v.* Eklund.

the contract, and the property in the goods has been retained by the seller merely to secure performance by the buyer of his obligations under the contract, the goods are at the buyer's risk from the time of such delivery." Public Acts of 1907, Chap. 212, § 22 (p. 771).

This statute is decisive of the present case. The contract now before us was a lawful one. The piano therein referred to was delivered to the defendant under the terms of the contract. The defendant's promise to pay was absolute and unconditional. It is not suggested that he did not obtain just what he bargained for. Eklund had obtained the possession of the property with the right to acquire a perfect title by payment of the price agreed upon. The fact that the property was destroyed while in his custody, and before payment of the amount due, did not relieve him of payment of the price agreed on. The seller had done all he was bound to do, except to receive the purchase price. The vendee had obtained all that he was to receive from the vendor in consideration of the payments which he had agreed to make for the property. *Burnley* v. *Tufts*, 66 Miss. 48, 5 So. 627.

Professor Williston on this provision states: "Where goods are delivered to the buyer but title is retained by the seller until the price is paid, the buyer immediately acquires the right to use the goods as his own, and has indeed exactly the same power over them, and right in regard to them, that he would have if he had bought them, and mortgaged them back to secure the price. The time for payment in such sales frequently extends over months and sometimes over years. It is necessarily to be expected by the parties that the goods will deteriorate during this period, and, nevertheless, that the buyer will be bound to pay the price. It seems properly to follow that

if the goods are accidentally destroyed or injured, the buyer must stand the loss; that is, he must pay the price in full at the time agreed. The decisions upon the point are in conflict, but the weight of authority sustains the view here expressed." Williston on Sales, § 304. See, also, *Hollenberg Music Co.* v. *Barron,* 36 L. R. A. (N. S.) 594 (100 Ark. 403, 140 S. W. 582), and note on page 595; *Marion Mfg. Co.* v. *Buchanan,* 8 L. R. A. (N. S.) 590 (118 Tenn. 238, 99 S. W. 984); *Lavalley* v. *Ravenna,* 2 L. R. A. (N. S.) 97 (78 Vt. 152, 62 Atl. 47), and note pages 97, 98 and 99; *Exposition Arcade · Corporation* v. *Lit Bros.,* 29 Amer. & Eng. Ann. Cas. 335 (113 Va. 574, 75 S. E. 117), and cases cited in note page 338.

It is true, as the defendant contends, that the title to the property remained in the vendor, but it is also apparent that it was for no other purpose than to secure performance of the purchaser's obligations. It is immaterial, for the purposes of this case, to determine whether or not this transaction should be considered as a mortgage or a conditional sale. One of the controlling features presented in the controversy is that the contract contains an absolute and unconditional promise to pay, which has not been performed, when it must be conceded that there is no default in any of the vendor's obligations.

That portion of the Sales Act hereinbefore noticed is not in derogation of the principles of the common law announced in several decisions by this court. In the case of *Appleton* v. *Norwalk Library Corporation,* 53 Conn. 4, 8, 22 Atl. 681, it is stated: "This contract is an absolute one. The plaintiffs agreed to sell the books to the defendants for the sum of ninety dollars to be paid in instalments at certain specified times. The defendants agreed to pay that sum according to the terms of the contract. There is no conditional

agreement here. It is true that the title to the goods did not pass, and could not pass until the full sum of ninety dollars had been paid, but the promise to pay that sum was absolute." It is further stated: "The contract expressly further provides that, in case of such breach, all the remaining unpaid instalments shall immediately become due and payable. If they become due and payable in consequence of nonpayment, of course a suit could be maintained for their recovery." See, also, *Beach's Appeal*, 58 Conn. 464, 478, 20 Atl. 475.

In view of the conclusion just expressed, it is unnecessary to discuss the defendant's contention that the measure of damages in the present case is the cost of insurance of the property for the unexpired term of the policy. The defendant's agreement that he would keep the property insured, or that it might be insured at his expense, was a convincing indication that it was the intention of the parties that the risk of loss by fire was upon the purchaser. *American Soda Fountain Co.* v. *Vaughan*, 69 N. J. L. 582, 55 Atl. 54. This clause in the contract has no relevancy as to the question of damages.

There is no error.

In this opinion the other judges concurred.