Weber Implement & Auto. Co. v. Leonard et al., 224 Ill. App. 332.

The trial court admitted in evidence a page of Moody's Manual of Railways and Corporation Securities of 1918. The defendant, however, was not permitted to testify that this publication was a standard manual of 1918 on the ground that "it speaks for itself." This was error, as the defendant was entitled to show, if he could, the alleged standard quality of the publication.

A letter of the Secretary of the State of Illinois was introduced in evidence over objection of defendant. The letter purports to be signed by Louis M. Emmerson, Secretary of State. It is not certified to as a public record and no proof of the genuineness of the signature was made. It was error to admit this letter.

Other questions touching the admissibility of certain evidence need not be discussed, as they may not occur upon another trial of the cause.

The judgment of the municipal court is reversed and the cause remanded to that court for a new trial.

*Reversed and remanded.*

McSurely and Matchett, JJ., concur.

---

Weber Implement & Automobile Company, Appellant, v. Mildred J. Leonard and F. Elwood Leonard, Appellees.

### Gen. No. 26,383.

1. Sales—*what evidence inadmissible in action on notes given for purchase price.* Where in an action on notes given for the purchase price of an automobile, the defendants disclaimed liability on the ground that the car was destroyed by fire while title and ownership was still in plaintiff, the admission of evidence to the effect that the fire was not caused through any negligence on the part of one of the defendants was error, as the question of defendants' negligence was not in issue.

2. Sales—*liability on purchase money note notwithstanding de-*

*struction of commodity sold while in seller's possession.* Under section 22 of the Sales Act (Cahill's Ill. St. ch. 121a, ¶ 25), providing that unless otherwise agreed, goods remain at the seller's risk until the property therein is transferred, and that when the property is transferred to the buyer the goods are at the buyer's risk whether delivered or not, but that where delivery has been made to the buyer pursuant to the contract, and property in the goods has been retained by the seller merely to secure performance by the buyer, the goods are at the buyer's risk from time of delivery, the makers of notes given to the vendor of an automobile who retained title as security merely for the payment of the notes, were held liable on the notes, notwithstanding the destruction of the automobile by fire before the notes matured.

3. SALES—*liability of maker of note given for chattel notwithstanding chattel's destruction before note matures.* At common law, the maker of a promissory note given to the vendor of a chattel who retained title thereto merely for the purpose of securing payment of the note will be held liable on the note although it appears that the chattel was destroyed by fire before payment was due under the note.

Appeal from the Municipal Court of Chicago; the Hon. BERNARD P. BARASA, Judge, presiding. Heard in this court at the October term, 1920. Reversed and judgment here. Opinion filed March 7, 1922.

CHARLES L. BARRETT and GILBERT F. WAGNER, for appellant.

CECIL C. ERICKSON, for appellees.

MR. PRESIDING JUSTICE DEVER delivered the opinion of the court.

Plaintiff brought suit in the municipal court of Chicago upon six promissory notes, all of which were dated August 11, 1917. Five of these notes were for the sum of $75 each and one for $100, and they were due and payable as follows: The first on December 11, 1917; the second on January 11, 1918; the third on February 11, 1918, the fourth on March 11, 1918, the fifth on April 11, 1918, and the sixth, for $100, on May 11, 1918. The notes provided for interest at the rate of 6 per cent per annum until paid.

334    APPELLATE COURTS OF ILLINOIS.

Weber Implement & Auto. Co. v. Leonard et al., 224 Ill. App. 332.

The defendants filed an affidavit of merits in which they alleged that the notes were given in payment for an automobile which, under a written agreement, was purchased from plaintiff on August 12, 1917; that under this agreement the title to the automobile was to remain in the plaintiff "until the purchase price had been fully paid"; that the automobile on December 16, 1917, and before the notes became due was destroyed by fire without fault on the part of the defendants; that title and ownership of the automobile by written agreement remained in plaintiff and that the loss occasioned by the fire was not that of defendants.

The trial court overruled a motion made by plaintiff to strike the affidavit of merits from the files and the cause proceeded to trial before the court without a jury. Judgment was entered in favor of the plaintiff for $39.25, which the plaintiff by his appeal to this court seeks to reverse. The appeal is undefended here on the part of defendants. It seems to have been admitted on the trial that the notes sued on were executed by defendants and they were admitted in evidence without objection. A payment on the notes of $50 was made June 18, 1918.

It is urged that the court erred in admitting evidence to the effect that the fire which caused the destruction of the automobile was not caused through any negligence on the part of one of the defendants. It was error to admit this evidence, as the question of defendants' negligence was not an issue in the case.

It is also contended that the court erred in overruling the motion to strike the affidavit of merits from the files, and that the finding and judgment were against the weight of the evidence. Both objections are well taken. It is shown both by the evidence introduced on the trial and the allegations of the affidavit of merits that the automobile, for the purchase price of which the notes were given, was destroyed by

fire after the delivery of the car to defendants.  It is true that under the written agreement by which the sale was effected the plaintiff reserved title in itself pending the payment of the notes.  This provision of the contract was inserted solely for the protection of plaintiff and to provide security for the payment of the notes.

Section 22 of the Sales Act (Hurd's Rev. St. 1917, ch. 121, p. 2602, Cahill's Ill. St. ch. 121a, ¶ 25) provides that:

"Unless otherwise agreed, the goods remain at the seller's risk until the property therein is transferred to the buyer, but when the property therein is transferred to the buyer the goods are at the buyer's risk whether delivery has been made or not, except that:

"(a)  Where delivery of the goods has been made to the buyer, or to a bailee for the buyer, in pursuance of the contract and the property in the goods has been retained by the seller merely to secure performance by the buyer of his obligations under the contract, the goods are at the buyer's risk from the time of such delivery."

Under the statutes above quoted and by common law the maker of a promissory note, given to the vendor of a chattel who retains title thereto merely for the purpose of securing payment of the note, will be held liable on the note where it appears the chattel has been destroyed by fire before payment is due under the note. *Chicago Ry. Equipment Co. v. Merchants' Nat. Bank,* 136 U. S. 268; *O'Neill-Adams Co. v. Eklund,* 89 Conn. 232.

The judgment of the municipal court is reversed and a judgment entered here in favor of the plaintiff for the sum of $541.59, being the aggregate amount of said notes with interest at the rate of 6 per cent per annum thereon from August 11, 1917, the date of their execution, less the sum of $50, which has been paid on the notes.

*Reversed and judgment here.*

McSURELY and MATCHETT, JJ., concur.