THOMAS B. BAKER *vs.* THE BROWN AND THOMAS AUTO
COMPANY.

Third Judicial District, Bridgeport, October Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

If a conditional bill of sale is accompanied by an agreement that the
vendor shall retain possession of the property until certain pay-
ments have been made, the risk of loss from destruction of the
property while in his possession is upon him; and, in that event,
the contract is avoided (General Statutes, § 4674) and the vendor
must return to the vendee instalments of the purchase price that
have been paid.

It is otherwise (§ 4688) where possession has been transferred to the
conditional vendee, or where, in the case of an absolute sale, title
has passed to the vendee but possession has been retained by the
vendor.

Argued November 7th—decided December 1st, 1924.

ACTION to recover instalments paid by the plaintiff
upon the purchase price of an automobile, sold to him
by the defendant under a conditional bill of sale and
alleged to have been destroyed by fire while in the
defendant's possession and before delivery to the
plaintiff, brought to the Court of Common Pleas in
New Haven County and tried to the jury before
*Simpson, J.;* verdict for the plaintiff which, upon
motion of the defendant, the trial court set aside, and
from this decision the plaintiff appealed. *Error; judg-
ment directed in conformity with verdict.*

The jury might have reasonably found the following
facts: Plaintiff and defendant entered into a contract
which recited that defendant placed in the hands of
plaintiff an automobile under an agreement of plaintiff
to pay $1,675, payable $50 in cash, and $750 on a
touring car for which credit on the purchase price was
given to the defendant, and the balance, $875, payable

in nine notes at varying times, in consideration of the agreement of defendant that when the balance of $875 had been fully paid the automobile should become the property of plaintiff, and until this balance was fully paid the title to the automobile should remain in defendant and that upon default of plaintiff in any payment defendant should have the right to take possession of it and all payments previously made and all rights of plaintiff in it should thereupon be forfeited. Defendant never made delivery of the automobile to plaintiff, but at all times retained it in its possession and control. At the time of the execution of this written agreement, defendant orally informed plaintiff that the automobile would not be delivered to him until the note which became due April 28th, 1923, was paid, and plaintiff consented to this and it thereupon became a part of the agreement of sale, between the parties in reference to the automobile. On or about February 18th, 1923, the automobile while in the possession of defendant was destroyed by fire.

Defendant had this car insured and sold the remains of the automobile as junk. Defendant notified the plaintiff after the fire that it could not make delivery of the automobile as agreed and that plaintiff need not make any further payments on the remaining unpaid notes given in consideration of the purchase price. The parties further agreed that plaintiff should pay storage of $5 a month on the car and he had paid two months storage prior to the fire. On two occasions, he had done some slight work on this car and once he had used it with defendant's permission. The keys to the defendant's garage and for this automobile remained continuously in the possession and control of defendant.

*David M. Reilly*, with whom was *Frank W. Daley*, for the appellant (plaintiff).

Baker *v*. Brown & Thomas Auto Co.

*Walter J. Walsh*, for the appellee (defendant).

WHEELER, C. J.    The controversy of fact between the plaintiff buyer and the defendant seller turned upon the point as to whether there had been a delivery of the automobile to the plaintiff, and whether the seller, after delivery, retained possession with the consent of the buyer for the purpose of securing himself for the payment of the same.   Both of these issues of fact the jury must have found unestablished and hence in favor of the plaintiff.   We have then upon the facts an executory sale of this automobile, neither title nor possession having passed to the buyer from the seller. Under these circumstances, the automobile remained at the risk of the defendant seller.

Had the sale been an absolute one, title to the automobile having passed to the buyer, whether the possession were in the buyer or not, the loss would have been on the buyer if it had been destroyed by fire subsequent to the sale.   General Statutes, § 4688.

Had the sale been a conditional one with delivery to the buyer, but the title remaining in the seller until the performance of certain conditions, the seller would hold the title as security for the purchase price and in the event of the destruction by fire of the automobile, the loss would have been the buyer's, since delivery gave him the use of and dominion over the automobile. General Statutes, § 4688, subdivision (a); 1 Williston on Sales (2d Ed.) p. 698.

But where there is no absolute sale and neither title in the automobile nor possession has passed, but there is merely an agreement to sell and to deliver at some future time, it is merely an executory agreement of sale, conditioned upon performance of named conditions. The destruction of the automobile rendered the performance of defendant's agreement to deliver in the

future an impossibility and even though the loss was without its fault, it can neither compel performance by· the buyer nor defend against reimbursement for payments made by the buyer on account of the purchase price, since the risk remained on the seller until delivery.   General Statutes, § 4674 (§ 8, The Sales Act); *Kein* v. *Tupper,* 52 N. Y. 550, 555.

Williston on Sales (2d Ed.) § 164, in interpreting this section of the Sales Act and applying the principle of law to which we have referred, says: "Application of this principle to the law of sales, where goods are destroyed or injured by accident before the time when it was agreed that title or risk should pass, involves the conclusion that the buyer cannot be compelled to pay the price [*Tillson* v. *United States,* 129 U. S. 101, 9 Sup. Ct. 255; *Phillips* v. *Moor,* 71 Me. 78, 80; *Terry* v. *Wheeler,* 25 N. Y. 520, 524; *Kein* v. *Tupper,* 52 N. Y. 550], and if he has paid the price in advance it may be recovered." Stone v. *Waite,* 88 Ala. 599, 7 So. 117; *Joyce* v. *Adams,* 8 N. Y. 291, 297; *Kelly* v. *Bliss,* 54 Wis. 187, 11 N. W. 488.   Whether this was an executory contract or not, is determinable by ascertaining at whose risk the subject-matter of the contract is prior to the time of delivery.   *Idaho Products Co.* v. *Bales,* 36 Idaho, 800, 214 Pac. 206.

The cases cited by defendant are distinguishable from the instant case.   *O'Neill-Adams Co.* v. *Eklund,* 89 Conn. 232, 93 Atl. 524, was a case of a conditional sale of personal property delivered to the buyer and destroyed while in the possession of the buyer.   "Eklund," our opinion states, "had obtained the possession of the property with the right to acquire a perfect title by payment of the price agreed upon." In the case before us, Baker, the buyer, never acquired possession. So *Hollenberg Music Co.* v. *Barron,* 100 Ark. 403, 140 S. W. 582, concerns the sale of a piano which was

delivered on a conditional bill of sale. *Whitlock* v. *Auburn Lumber Co.*, 145 N. Car. 120, 58 S. E. 909, concerned a sale of personal property and all of it was delivered except a dry kiln, which the seller offered to deliver with the other property, but the buyer requested the seller not to deliver until called for by him.

The fact that the defendant seller sold what remained of the automobile after the fire for junk, is strongly indicative of defendant's belief that the risk of the loss was on it. So likewise is the fact that defendant never demanded payment of the notes given for the purchase price and remaining unpaid, but on the contrary told plaintiff it would cancel them.

There is error, the judgment is set aside and the Court of Common Pleas is directed to render judgment upon the verdict.

In this opinion the other judges concurred.