ELLIS, TRUSTEE *v.* JONES.

5-412                                              267 S. W. 2d 955

Opinion delivered May 17, 1954.

*Giles Dearing,* for appellant.

*Killough & Killough,* for appellee.

ROBINSON, J.   D. V. and Blanche Dodd operate a garage and filling station.   On November 4, 1944, they sold to Joe and Florence Jones an automobile for the sum of $850.   The Joneses gave their note for the purchase price, secured by a deed of trust to real estate. T. M. Ellis, Trustee, filed this suit to foreclose the deed of trust alleging the note, though long past due, remains unpaid.   The Joneses defended on the theory the note had been paid by returning the automobile to the Dodds, the sellers, as payment in full.   The Chancellor made a finding of fact that the note had been paid, and from a decree to that effect comes this appeal.

The note given for the automobile by the Joneses was dated November 4, 1944, and was due one year from date.   The following June or July Jones returned the car to Dodd who in turn sold it to James Winfrey for $900.   Dodd claims that the car, while Jones had it, was wrecked, and that he took it back from Jones under an agreement that he, Dodd, would furnish the necessary repairs to put the automobile in condition, then sell it and give Jones credit for the net amount the car brought after payment of the repairs; that it cost from

$250 to $300 to repair the car, and this sum added to the $850 made a total of about "$1050" that Joneses owed Dodd when the car was sold; that he gave Florence Jones $450 of the money that he got from the sale of the automobile because she was sick and needed the money, and in addition he had a mortgage on the property to secure the indebtedness.

D. V. Dodd is corroborated in his testimony by his wife, Blanche Dodd, and by evidence of repairs to the car. On the other hand Joe Jones (Florence Jones died after suit was filed but before the trial) is corroborated in his evidence of the transaction by the circumstantial evidence. Some of these circumstances are that Jones worked for Dodd for several years subsequent to the transaction and after the note was due, and Dodd made no effort to collect it or hold anything out of Jones' pay to be applied on the note; and further that no demand was made on Jones for the payment of the note until suit was filed some four years after the note was due; and moreover, the fact that $450 was paid to Florence Jones at the time of the sale of the car to Winfrey. All of these circumstances corroborate Jones in his testimony to the effect that he turned the car back at Dodd's suggestion as payment in full of the indebtedness, Dodd stating that he could sell it for more than was owed on it. The state of the testimony is not such that we can say the Chancellor's finding in favor of Jones is contrary to a preponderance of the evidence.

The decree is therefore affirmed.