JONES v. COX.

5-1217                                    301 S. W. 2d 12

Opinion delivered April 22, 1957.

C. Van Hayes, for appellant.

Ben M. McCray, for appellee.

PAUL WARD, Associate Justice. On June 23, 1954 Wesley N. Jones, d/b/a, Jones Ready-Mix Concrete, appellant, purchased from appellees, a partnership composed of William A. Cox, Samuel M. Cox and William T. Cox, a Ford 3 ton truck together with a concrete mixer installed thereon. The purchase price for said equipment, including finance charges, amounted to $9,085.44. On the date first above mentioned the parties executed a Conditional Sales Contract in the usual form which provided for 24 monthly payments of $378.56 each and which provided for the title to remain in the sellers until the equipment was paid for. After appellant had reduced the principal indebtedness to the sum of $5,418.24 he failed or refused to make any further payments.

On September 29, 1955 appellees filed a complaint in the chancery court setting forth, in substance, the facts above mentioned, and also stating that said equipment was in the possession of appellant, that it was no longer covered with insurance, and that the court should order the sheriff to take said equipment and hold it subject to the orders of the court. The prayer was for a judgment against appellant in the sum of $5,418.24 together with interest, that the equipment be sold by the sheriff and the proceeds therefrom be applied on the judgment.

To the above complaint appellant entered a general denial, and further stated that the said equipment "was to be entirely and absolutely paid for out of all the net profits, if any, realized from the operation of said equipment . . ." and that "said truck and mixer did not secure any profit other than that which was paid . . ." It was further stated in the answer that upon failure of the profits to pay for the truck and concrete mixer all of the equipment was to be returned to appellees without any further obligation or responsibility on the part of appellant.

After a trial on the issues above set forth the chancellor, after finding that said equipment was in the possession of appellant, entered judgment in favor of appellees in the amount sued for and authorized the sheriff to attach and sell said equipment, after having adver-

tised the same, with the proceeds therefrom to be applied to the judgment.

For a reversal of the decree of the trial court, appellant relies on three separate grounds, viz: I. The terms of the Conditional Sales Contract were later changed; II. Appellees waived their right to sue for the balance due, and; III. The decree is inequitable. We shall discuss these points in the order mentioned.

## I.

Appellees purchased the concrete mixer which it sold to appellant from an equipment company in Little Rock. On the day the sale was closed, June 23, 1954, appellant and Sam M. Cox (one of appellees) were in Little Rock and talked with Mr. Leonard R. Clark, who was connected with said equipment company. It is appellant's contention that on this occasion, and after the Conditional Sales Contract had been executed on the same day, he had an agreement with Mr. Sam M. Cox that the equipment would be paid for solely and absolutely out of the net profits derived by appellant from the use of such said equipment, and that if and when such profits were insufficient to make the payments, he, appellant, would have the right to return the equipment to appellees and thereby cancel all indebtedness. The chancellor found against this contention of appellant, and we think such finding was not against the weight of the testimony.

After the matter was discussed it was reduced to writing and signed by Sam M. Cox and Wesley N. Jones, and was sworn to before a notary public, on June 23, 1954. This note or writing reads as follows: "Any and all net monies acquired from the truck and mixer applies to the purchase price agreed upon, which is the amount of the unpaid balance of the contract with the Universal CIT Credit Corporation, Little Rock, Arkansas." It will of course be noted that this writing contains no provision that the equipment would be paid for entirely and absolutely out of the net profits and nothing else. It seems unlikely that Mr. Jones and Mr. Cox

would have omitted from the writing anything as essential as that contended for by appellant if it had in fact been agreed upon. Appellant apparently relies entirely on the writing set forth above, for we find this statement in the record made by his attorney: ''The note will reflect that the money will be paid out of the profits of the mixer and that is what we stand on.'' Mr. Clark's testimony relative to the purported oral agreement does not entirely bear out appellant's understanding of the same. In answer to a question Mr. Clark stated: ''I put everything (in the note) I thought that would protect my customer.'' Clark was also asked this leading question. Q. ''You made a further statement that Mr. Cox said if something happened where profits wouldn't pay for it, then Mr. Jones wouldn't have any further responsibility?'' A. ''As I said before, I don't remember the exact words, however he said words to that effect.'' Moreover, since the parties put their agreement in writing, oral testimony would not be admissible to engraft other agreements or understandings made or had at the same time. The rule that permits testimony to show a *subsequent* oral agreement (as announced in *Von Berg* v. *Goodman,* 85 Ark. 605, 109 S. W. 1006) is not applicable here, because, if there were any such oral agreement as appellant contends for, it was contemporaneous with and not subsequent to the written agreement which Jones and Cox signed.

## II.

Appellant says appellees waived their right to sue for the balance due by taking possession of the equipment before trial and by having the sheriff take it after suit was filed. Appellant's position cannot be sustained on either count. Appellant is relying on the rule well established by many decisions of this court that the seller, upon breach of a Conditional Sales Contract has two remedies: One, he can take possession of the merchandise thereby cancelling the obligation of the buyer to pay, or; Two, he can treat the sale as consummated and sue for the balance of the purchase price, and; The exercise of one remedy excludes the right to exercise the other remedy.

The testimony shows that appellant remained in possession of the equipment at all times, and that he never at any time turned it over to appellees. On one occasion an employee of appellees inquired of a Mr. Baker if he would be willing to assume the payments on appellant's contract in event appellees had to take the property back from appellant. This, of course, did not justify the court in finding that appellees had repossessed the property.

Appellees' procedure, in asking the court to direct the sheriff to hold the equipment pending the outcome of the trial, was not a taking of possession in the sense referred to in the rule mentioned above, but was in accordance with Ark. Stats. § 34-2301 and § 34-2302, and the decision in the case of *Olson* v. *Moody, Knight & Lewis, Inc.,* 156 Ark. 319, 246 S. W. 3.

### III.

We see no merit in appellant's argument that it would be inequitable to permit the judgment of the lower court to stand. The Conditional Sales Contract was transferred, by appellees, with recourse, to the Universal Credit Corporation. When it became apparent that appellant was not going to pay for the equipment, it became necessary for appellees to repay C.I.T. and repossess the contract and note, which at that time showed a balance of $5,418.24. In so doing appellees gave C.I.T. their check for $2,418.24 and at the same time they cancelled out $3,000 of a reserve which they had with the said credit company. We can see nothing irregular or inequitable about such a transaction. Appellees paid for the contract just as effectively as if they had given a check for the entire amount.

Affirmed.