Woods *v.* Bournes.

5-1427

309 S. W. 2d 309

Opinion delivered January 20, 1958.

[Rehearing denied February 24, 1958]

*E. L. Hollaway,* for appellant.

*James A. Robb,* for appellee.

Ed. F. McFaddin, Associate Justice. This suit stems from a conditional sales contract. On April 19, 1954 Appellant Woods (doing business as Woods Equipment Company) sold a tractor to Augustine Bournes for a total consideration of $1,250. Bournes executed

to Woods two notes: (a) one note—signed only by Augustine Bournes—for $1,250 and interest, which retained title on the tractor and which was due in two equal annual installments in November of 1954 and 1955; and (b) another note for $1,250 and interest, due in two equal annual installments in November of 1954 and 1955. This note was signed by Augustine Bournes and Hazel Bournes, his wife; and was secured by a mortgage on 100 acres of land in Randolph County. The mortgage was duly signed and acknowledged by both Mr. and Mrs. Bournes and was recorded in March 1955.

Even though there were two notes, each for the full amount, it was clearly shown that there was only one item of indebtedness of $1,250, and no usury was contemplated or intended; and the separate notes were executed, not only to retain title, but also to provide additional security by reason of the real estate mortgage. Evidently the parties thought that a title retaining note could not also be secured by a real estate mortgage.

Augustine Bournes died some time after executing the notes. Nothing was paid; and on August 27, 1956 Woods filed the present suit to foreclose his mortgage on the lands. He named the widow and heirs and administrator of the estate of Augustine Bournes as defendants, and also named James M. Bournes and Rex Dismang, whose interests will be later discussed in Topic II.

The common defense[1] by all defendants was that Woods had repossessed the tractor and thereby cancelled the indebtedness, with the result that he could not sue to foreclose the mortgage on the land. Trial in the Chancery Court resulted in a decree holding that Woods, by repossessing the tractor, had cancelled the debt and could not sue to foreclose the real estate mortgage, since it was security for the debt—i. e., the purchase price of the tractor. From such decree, Woods brings this appeal and presents the two points now to be discussed.

---

[1] James Bournes claimed that his mortgage was superior to that of Woods, but our disposition of the case makes it unnecessary to discuss that matter.

I. *Repossession Of The Tractor As Cancelling The Indebtedness.* The note for $1,250 signed by Augustine Bournes recited: ''This note is given for the purchase of property, to-wit: Massey Harris 22 Tractor Serial No. 22G3106-2-14 B. Plow 5-ft. Disk Harrow and it is agreed that the title thereof shall remain in the said Woods Equipment Company, his successors or assigns, until the purchase price or judgment for same is paid in full[2].'' In a long line of cases on conditional sales, this Court has recognized that on default of payment by the maker, the holder of such note has a choice of two remedies: (a) he may disaffirm the sale and repossess the property; or (b) he may affirm the sale and sue on the debt[3]. Some of our cases so holding are: *Nashville Lbr. Co.* v. *Robinson,* 91 Ark. 319, 121 S. W. 350; *Hollenberg Music Co.* v. *Barron,* 100 Ark. 403, 140 S. W. 582, 36 L. R. N. S. 594, Ann. Cas. 1913C 659; *Loden* v. *Paris Auto Co.,* 174 Ark. 720, 296 S. W. 78; and *Gale & Company* v. *Wallace,* 210 Ark. 161, 194 S. W. 2d 881. If the holder of the note disaffirms the sale and repossesses the property, he cannot thereafter sell the property and claim a deficiency judgment. *Noble Gill Pontiac Co.* v. *Bassett,* 227 Ark. 211, 297 S. W. 2d 658.

Appellant recognizes the holdings as stated above, but strenuously insists that he did not disaffirm the sale as such, but only took possession of the tractor to preserve it against loss; and that the disaffirmance rule does not apply in the case at bar. This brings us to the necessity of a recital of salient facts. It was shown that after the death of Augustine Bournes, his wife remarried and moved away; that she left the tractor under a shed on the premises; that she went to Woods and urged him to take possession of the tractor in satisfaction of the debt; that Woods refused such request, claiming that he had a real estate mortgage as security; that later

---

[2] The note described another implement in addition to the tractor. In the evidence and trial, the parties evidently used the word "tractor" as including the other implement.

[3] In suing on the debt the holder of the note may also, if he desires, have the property attached under § 34-2301 *et seq.* Ark. Stats. See *Olson* v. *Moody,* 156 Ark. 319, 246 S. W. 3; and *Jones* v. *Cox,* 227 Ark. 750, 301 S. W. 2d 12.

Woods learned that various persons were using the tractor at will; that Woods then had the tractor brought to his place of business for safekeeping; that Woods then had the tractor appraised and advertised for sale. Here is his testimony on that point:

"Q. Did you offer it for sale?

A. Yes.

Q. Who got it?

A. We advertised it in the papers, and no one appeared, and we had three appraisers to look at it.

Q. You did not get any bids for it?

A. No."

Of course, Woods could have kept the tractor at his place of business for safekeeping without thereby, *ipso facto,* disaffirming the sale; but his intentions to disaffirm were indicated by his conduct in advertising the tractor for sale; and the Chancery Court held that under the facts herein recited, Woods had disaffirmed the sale. The learned Chancellor said in his opinion from the bench at the conclusion of the trial:

". . . the plaintiff himself made one statement that, in the Court's mind, is conclusive; and that was, that while he had possession of the property some time ago he did offer the tractor for sale; and that cannot be reconciled in the Court's mind with the idea that he took it merely for safekeeping."

Holding property for safekeeping is a species of bailment; but offering the property for sale, without other authority than possession, is the exercising of a species of ownership which justifies the conclusion that there was a disaffirmance of the conditional sale. We cannot say that the preponderance of the evidence is contrary to the inferences and conclusions which the Chancellor drew from Woods' conduct.

II. *Right Of Defendants To Plead That The Plaintiff's Debt Was Cancelled.* James M. Bournes also held a mortgage on the 100 acres of land here involved; he had

foreclosed his mortgage without making Woods a party to his suit; and the land had been sold to Dismang. In the present suit, James M. Bournes and Dismang were defendants; and they, along with the guardian *ad litem* for the minor children of Augustine Bournes, pleaded that Woods, by repossessing the tractor, had cancelled the indebtedness secured by the mortgage and should not be permitted to sue on his real estate mortgage, which was security for the tractor indebtedness. The Trial Court sustained such defenses. On this appeal, Woods says that neither James M. Bournes, nor Dismang, nor the guardian *ad litem,* should have been permitted to make such a defense.

We find no merit in appellant's contention on this point. When Woods sued on his mortgage he made James Bournes and Dismang parties defendant and asked that their rights in the lands be foreclosed. In 59 C. J. S. "Mortgages," § 146, the applicable general rule is stated:

"The right to contest the validity of a mortgage by way of defense or affirmative attack belongs not only to the mortgagor and those claiming under him, but also to third persons whose rights or interests are injuriously affected by the mortgage, such as junior mortgagees, or other creditors whose rights or interests are injuriously affected by an invalid mortgage, . . ."

When the indebtedness secured by Woods' mortgage had been satisfied, the mortgage could not be foreclosed. *Ford* v. *Nesbitt,* 72 Ark. 267, 79 S. W. 793; *Ellis* v. *Jones,* 223 Ark. 681, 267 S. W. 2d 955.

Affirmed.