## WILLIAM W. APPLETON AND OTHERS *vs.* THE NORWALK LIBRARY CORPORATION.

The plaintiffs and defendants made a contract by which the plaintiffs were to sell the defendants a complete set of a certain work for ninety dollars, the defendants paying twelve dollars on delivery of the books and six dollars every other month thereafter until the whole was paid; the right of property to remain in the plaintiffs till the whole was paid, and on failure to pay any installment within thirty days· after due, all remaining installments were immediately to become due and payable; the plaintiffs having the option to take back the books and to retain all the installments previously paid. Held that the right to take back the books was one that belonged to the plaintiffs alone and did not give the defendants the right to return them; that the agreement of the defendants to take and pay for the books was absolute; and that on default of payment of any installment the plaintiffs had a right to sue for and recover the whole of the ninety dollars that remained unpaid.

[Argued March 18th—decided May 4th, 1885.]

ACTION to recover the balance due on a contract for the purchase of certain books; brought, by appeal from a justice of the peace, to the Court of Common Pleas, and heard in that court, upon a demurrer of the plaintiffs to the defendant's answer, before *Hall, J.*

The plaintiffs were publishers under the name of D. Appleton & Co. The contract for the purchase by the defendant of a set of the American Cyclopedia and Index, is fully given in the opinion of the court. This contract was set out in the complaint, which alleged the delivery of the books by the plaintiffs and that the defendant had failed to pay the installments agreed, leaving a balance of $78 due the plaintiffs. The defendant made the following answer:—

The defendant admits that, under the provisions of the contract described in the plaintiffs' complaint, it received of the plaintiffs the property therein described, and says that it paid the plaintiffs the sum of twelve dollars in advance, and the first two installments of six dollars each, as provided in said contract, and also admits that it has paid no more. The defendant further says that, on or about the 20th day of January, 1884, and before the bringing of this suit, the defendant notified the plaintiffs that it would make no further payments under said contract, but would deliver up to the plaintiffs said property in as good condition as the same was in when received by the defendant, reasonable use and wear thereof excepted; and then and there offered to the plaintiffs so to deliver up to them said property in condition as aforesaid. And the defendant is now, and ever since has been, ready so to deliver said property to the plaintiffs, but the plaintiffs have at all times refused to receive the same.

To this answer the plaintiffs demurred. The court held it sufficient and rendered judgment for the defendant. The plaintiffs appealed.

*S. Warner*, for the appellants.

The parties by their contract expressly provided that if any installment should remain unpaid thirty days after it became due "all of said installments remaining unpaid should immediately become due and payable." After all the installments had been due more than thirty days this suit was brought to recover them, and the court below

adjudged that the plaintiffs could not recover, holding the cases of *Hine* v. *Roberts*, 48 Conn., 267, and *Loomis* v. *Bragg*, 50 id., 228, to govern the case at bar. We claim they do not. In neither of those cases was there a provision in the contract that upon a failure to pay any installment all should become due. Those contracts only provided that the seller might retake the property, and that the buyer should have no claim to recover the money paid. That was the only remedy given for a breach of the contract. In this case that remedy is given to the seller, and he may avail himself of it or not, *at his option;* but another remedy is also given him,—to sue for the money. He cannot have both. He may have either; and he elects to sue. The construction contended for by the defendant, and adopted by the court below, gives no effect to the words " all of said installments remaining unpaid shall immediately become due and payable." Why provide that they should " become due and payable " if they could not be collected ?

*J. S. Seymour*, for the appellee.

The contract on which this suit is based is, in all essential respects, like the two that have been already before this court, in which the rights of the parties have been clearly defined, and particularly the right to surrender the books at any time instead of continuing the payments. *Hine* v. *Roberts*, 48 Conn., 267; *Loomis* v. *Bragg*, 50 id., 228. The contract is an agreement to sell a set of books for $90 in bi-monthly installments of six dollars each, upon condition that if at any time the defendant shall make default of payment, when any installment shall become due and remain unpaid for thirty days the plaintiffs shall have the right to take the books back into their possession and that whatever sums shall have been paid shall become their property. The defendant made payments to the amount of twenty-four dollars, and then declined to make further payments, and so notified the plaintiffs, and tendered to them the books in question. The contract provides for this contin-

gency by a forfeiture of all the defendant's rights under the contract and of the sums of money that have been paid. See also *Brown* v. *Haynes*, 52 Maine, 578; *Everitt* v. *Hall*, 67 id., 497.

PARK, C. J. This case depends upon the construction to be given to a certain contract, entered into between the parties, the important part of which to be considered is as follows:—" In consideration of the delivery of one complete set of the American Cyclopedia and Index, the undersigned agrees to pay D. Appleton & Co. as follows: on delivery of the set the sum of $12, and on the first day of every other month thereafter the sum of $6, until D. Appleton & Co. shall receive the full sum of $90 ; it being expressly agreed that the right of property in said books shall remain in said D. Appleton & Co. until the same are wholly paid for ; and in case of failure to pay any one of said installments for thirty days after the same has become due, all of said installments remaining unpaid shall immediately become due and payable, or the said D. Appleton & Co. may, at their option, take or cause to be taken the said books, either with or without process of law, from the possession of the said subscriber, or other representative to whom he may have delivered the same, without recourse against said D. Appleton & Co. for any money paid on account therefor ; it being expressly understood that in the latter case the money so paid on account shall be for the use and wear of said books."

The books were delivered and the defendants paid a number of installments according to the contract; but finally they ceased payment, and tendered the books to the plaintiffs, informing them that they should make no further payments under the contract. The plaintiffs refused to receive the books, and after sufficient time had elapsed for all the installments to become due and payable, brought this suit.

These facts are stated in the defendants' answer, and the

whole question is, do they constitute a defense to the plaintiffs' claim ?

This contract is an absolute one. The plaintiffs agreed to sell the books to the defendants for the sum of ninety dollars to be paid in installments at certain specified times. The defendants agreed to pay that sum according to the terms of the contract. There is no conditional agreement here. It is true that the title to the goods did not pass, and could not pass until the full sum of ninety dollars had been paid, but the promise to pay that sum was absolute. Whence then comes the defendants' right to return the books in full satisfaction and discharge of the contract, and thus leave a great part of the installments unpaid ?

It is said that the plaintiffs had the right, at their option, to retake the property at any time if the defendants should fail to pay any installment for a period of thirty days after it became due. But this is a right which the plaintiffs had, in case the defendants should break the contract by non-payment. It gives the defendants no right to return the books. It is true that if this was the only remedy which the plaintiffs had under the contract upon non-payment, as was the case in *Hine* v. *Roberts*, 48 Conn., 267, and in *Loomis* v. *Bragg*, 50 id., 228, the plaintiffs would have to abide by it and content themselves with it. But this is not their only remedy. The contract expressly further provides that, in case of such breach, all the remaining unpaid installments shall immediately become due and payable. If they become due and payable in consequence of non-payment, of course a suit could be maintained for their recovery.

The plaintiffs base their suit upon this right given them in the contract; and we think it can be sustained.

There is error in the judgment appealed from and it is reversed.

In this opinion the other judges concurred.