UNITED MACHINERY COMPANY *vs.* MICHAEL ETZEL ET ALS.

Third Judicial District, Bridgeport, April Term, 1915.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

In an action to recover the agreed price of a machine sold, the defendants, admitting the execution of the contract, alleged that the machine was defective and insufficient and that it was not as represented. *Held* that these were affirmative defenses the burden of proving which rested upon the defendants.

A printed form of a contract of sale provided in one of its clauses that the title to the property should remain in the seller until fully paid for in cash, and that if the property was rejected, or if payment was not made as stipulated, the purchaser "shall at once return and deliver the property in good order" to the seller. The only portion of the contract which was written into the printed form

United Machinery Co. *v.* Etzel.

(aside from that describing the property) was a promise of the purchaser to pay $350 within thirty days after delivery. *Held* that the printed portions of the contract were to be construed, so far as their language would reasonably permit, consistently with the unqualified promise of the purchaser to pay within thirty days; and that, so construed, the buyer's right to reject was not one which he could exercise at will, regardless of whether the property was or was not as represented, but only for a proper cause.

Another clause of the printed form provided that in case of failure "to pay any installment," the whole unpaid balance should "at once become due and payable," and the seller should have the right to retake the property and retain it, or sell it at public or private sale. *Held* that assuming this clause applied to the present case at all, it did not preclude the seller from recovering the purchase price in an action at law if he chose to pursue that remedy.

Under § 63 of the Sales Act (Public Acts of 1907, chapter 212) an unpaid seller in possession of the property may maintain an action for the price, although the title has not passed, "if the property cannot readily be resold at a reasonable price." *Held* that notwithstanding some uncertainty as to the existence of this requirement in the present case, a judgment for the plaintiff would not be set aside, since the defendants had not complained of the judgment upon this ground and it was not apparent that any substantial injury had been done to them.

Argued April 15th—decided June 10th, 1915.

ACTION to recover damages for the alleged wrongful refusal of the defendants to accept and pay for certain machinery, pursuant to their contract with the plaintiff, brought to and tried by the City Court of New Haven, *Booth, J.;* facts found and judgment rendered for the plaintiff for $385, and appeal by the defendants. *No error.*

*Samuel Campner,* with whom was *William A. Wright,* for the appellants (defendants).

*Jacob Caplan* and *Benjamin D. Land,* for the appellee (plaintiff).

BEACH, J. The complaint alleges that the plaintiff and defendants entered into a written contract for the

purchase and sale of one thirteen-inch Rogers second-hand moulder, f. o. b. New Haven boat at New York City, at the agreed price of $350; the plaintiff agreeing to allow $175 in part payment for certain other machinery to be shipped by the defendants to the plaintiff. It also alleges the shipment and delivery in good condition, and the refusal of the defendants to pay any part of the purchase price, either in money or by shipment of the other machinery.

The defendants' answer, as amended, admits the execution of the contract, but denies the shipment and delivery of the machine; and alleges that the defendants, upon examination, found that the machine claimed to have been delivered was not a thirteen-inch Rogers second-hand moulder; that it was not in good and proper condition; that it was defective and absolutely valueless; that the plaintiff represented to the defendants that the thirteen-inch Rogers second-hand moulder in question would be heavier than the moulder to be exchanged, and would answer the purposes of the defendants; that the machine was not as represented; and that the representations of the plaintiff's agent were false and fraudulent.

The reply denies all of the affirmative allegations of the answer, and the judgment-file finds the issues for the plaintiff.

It appears from the finding that the plaintiff was a dealer in wood-working machinery, and that the defendants operated a wood-working factory; that the contract in question was duly executed; that the plaintiff delivered the thirteen-inch second-hand Rogers moulder to the defendants f. o. b. New Haven boat at New York, and notified the defendants of the shipment; that soon after its arrival in New Haven the defendants shipped back the machine, notifying the plaintiff that it was not what they wanted; and that the plaintiff took

the machine from the dock at New York, and notified the defendants that it held the machine subject to the defendants' order, and has ever since held the same as bailee of the defendants. It is also found that the defendants have failed to make any payment whatever, in money or in machinery; that there was no misrepresentation in the sale of the machine; and that the machine delivered to the defendants was the machine described in the written contract. There is nothing in the finding to support the defendants' claim that the machine in question was in any way defective or insufficient, or that it was not in all respects as represented and contracted for.

The record and findings exclude any possible claim that the defendants rejected this machine because it did not come up to the contract. The defenses, that the machine was defective and insufficient, and that it was not as represented, are affirmative defenses on which the burden of proof is upon the defendants; and in the absence of any such findings of fact by the trial court, the judgment of the trial court, finding these issues for the plaintiff, is conclusive.

The assignments of error principally relied upon by the defendants are founded on the claim that, on the face of the written contract, the defendants had the right to reject and return the machine at will, regardless of whether it was or was not as represented and contracted for; and also that, by the terms of the contract, the plaintiff's remedies, in the event of the defendants' default, were limited as hereinafter stated.

The proposition that the defendants were entitled to return the machine at will is founded upon the following provision of the contract: "It is agreed that title to the property mentioned herein, and all subsequent additions thereto, shall remain in United Machinery Company until fully paid for in cash; that

in the case of rejection of the property or failure to pay as stated herein undersigned (the purchaser) shall at once return and deliver the property in good order to The United Machinery Company f. o. b. cars, at freight terminal to which machinery was consigned, that a retention of the property forwarded after 30 days from date of railroad notice of arrival shall constitute a trial and acceptance, be a conclusive admission of the truth of all representations made by or for the United Machinery Company and void all its contract of warranty express or implied."

The claim is that these provisions of the contract give or imply a right of rejection at will or the right to refuse to pay at will. In this connection it appears that the contract in question was upon a printed form, leaving blanks for the description of the property and the terms of payment, and that the only written portion of the contract in this case, except the signatures, was a description of the machinery and the promise of the defendants to pay, as follows: "For which we agree to pay within 30 days after date of delivery $350."

The printed portions of the contract should be construed, so far as their language will reasonably permit, consistently with the unqualified promise of the defendants to pay within thirty days, which was written into the printed form; and we think that the true construction of this portion of the printed matter of the contract is that it refers to a rightful rejection of the property for cause, or rightful failure to pay for cause, and requires that the purchaser should in such case redeliver the goods to the United Machinery Company. Such a construction makes the whole contract as written and printed consistent, and accords with the apparent intent of the parties as therein expressed.

The claim that the plaintiff's remedies, in case of the defendants' default, are limited by the contract, is

rested upon the following portion of the printed form: "It is also agreed that in case of failure to pay any installment as herein provided, the whole unpaid balance shall at once become due and payable, and United Machinery Company or its agent shall have the right, with or without legal process, to retake possession of the said property and, at its option, either retain the same (all payments made theretofore to be forfeited as compensation for its use and as liquidated damages) or sell it at public auction or private sale; that the entire expense and cost of such retake, return and sale, and the deficiency, if any there be after the net proceeds are applied, shall at once be paid by the undersigned."

It is doubtful whether these last-quoted provisions of the printed form were intended to have any application, except in cases where a payment of the purchase price in instalments might have been agreed upon. Whether that be so or not, the agreement of both the parties is that in case of failure to pay, "the whole unpaid balance shall at once become due and payable." This provision manifestly reserves to the vendor the right to recover the unpaid balance, in case it elects to do so, rather than to retake possession or sell the property at public auction or private sale. *Appleton v. Norwalk Library Corporation,* 53 Conn. 4, 22 Atl. 681; *Beach's Appeal,* 58 Conn. 464, 20 Atl. 475; *Crompton v. Beach,* 62 Conn. 25, 25 Atl. 446.

There is nothing in the case of *First National Bank v. Alton,* 60 Conn. 402, 22 Atl. 1010, on which defendants rely, which is inconsistent with this conclusion. In that case the court held that the contract in question did give the vendee an option to return the property. Here we construe the printed form, when taken in connection with the defendants' written and unqualified agreement to pay within thirty days, as not containing

United Machinery Co. *v.* Etzel.

any such option on the part of the vendee, and it follows that this case is governed by the rule laid down in the other cases above cited, to wit, that where goods, according to the contract, have been delivered, and the contract contains an absolute provision to pay the agreed price, the seller may waive any additional remedies stipulated for in the contract, and recover in an action for goods sold and delivered.

Under § 63 of the Sales Act (Public Acts of 1907, Chap. 212) an unpaid seller in possession of the goods may maintain an action for the price, although the title has not passed, if the property cannot readily be resold at a reasonable price, and if the provisions of § 64 are not applicable, upon notifying the buyer who refuses to receive the goods that he holds them as bailee for the buyer.

In this case it is found that such a notice was given, but there is no express finding that the machine could not readily be resold for a reasonable price. Perhaps it might fairly be inferred that a second-hand moulding machine of a given size and type could not readily find a buyer at a reasonable price. At least, it does not affirmatively appear that there was an available market for this machine, and therefore it is not apparent that any substantial injury has been done to the defendants. Under these circumstances, we are not disposed to reverse the judgment upon an uncertainty as to the actual facts, and in the absence of any specific claim, either in the assignments of error or in the appellants' brief, that the judgment is erroneous because of the absence of an express finding that the machine could not readily be resold at a reasonable price.

There is no error.

In this opinion the other judges concurred.