MABELLE D. SAGER (HERMAN B. SAGER SUBSTITUTED
PLAINTIFF) *vs.* WILLIAM SCHMIDT.

First Judicial District, Hartford, March Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A special remedy provided in a written contract for its breach, is not
exclusive of other legal remedies unless the contract so prescribes.
The right or remedy of a conditional vendor—accorded by the con-
tract—to retake the property sold if the note given therefor is not
duly paid, is not exclusive, and therefore does not preclude him
from an election to sue upon the absolute and unqualified promise
to pay contained in the note.
The law of New York, in this respect, is like our own.

Submitted on briefs March 6th—decided April 4th, 1923.

ACTION by the payee against the maker of a promis-
sory note for $300, brought to and tried by the Court
of Common Pleas in Litchfield County, *Woodruff, J.;*
the court nonsuited the plaintiff, and from its refusal
to set aside such judgment the plaintiff appealed. *Error
and new trial ordered.*

*Roswell J. Hallenbeck,* for the appellant (plaintiff).

*Samuel A. Herman* and *J. Clinton Roraback,* for the
appellee (defendant).

BEACH, J. The note sued on was in the following
form:—

"$300.00                    Maybrook, N. Y., June 25, 1921.
One month after date I promise to pay to the order
of Herman Sager Three Hundred Dollars at the First
Nat'l. Bank of Maybrook. This note is given for Bal.
on 1916 Elgin Touring Car Motor No. A1205-Series 159.
It is expressly understood and agreed that the title and

ownership of said property does not pass until this note and interest thereon and all renewals of this note shall have been paid in full, and said HERMAN SAGER is the owner of said property until same is paid and said HERMAN SAGER may take possession of said property at any time if this note is not paid as agreed, or if said property is badly kept, treated or cared for.

Value received with interest.                Wm. Schmidt."

Plaintiff offered evidence to prove the execution, presentment, dishonor and protest of the note. The defenses were, first, general denial; second, that the note was procured by misrepresentation and fraud; with a counterclaim for damages. At the close of the plaintiff's evidence the defendant moved for judgment as of nonsuit, on the ground that by the terms of the note the plaintiff's only remedy in case of nonpayment was by retaking possession of the property conditionally sold. It was on this ground alone that the nonsuit was granted, and the only reasons of appeal are that the court erred in holding that the plaintiff's only remedy was by retaking the automobile, and that the court erred in not treating the contract as a New York contract, and in refusing to allow the plaintiff to introduce evidence as to the law of New York.

The latter reason of appeal is not presented by any finding showing that the evidence was offered, ruled out and the ruling excepted to, and it cannot be considered.

It is, however, quite clear that by our law, as well as by the law of New York, the plaintiff was entitled at his election to sue on the promise to pay, or to retake the property. "The contract contains an absolute and unconditional promise to pay, which has not been performed." *O'Neill-Adams Co.* v. *Eklund,* 89 Conn. 232, 236, 93 Atl. 524. "Where goods, according to the con-

tract, have been delivered, and the contract contains an absolute provision to pay the agreed price, the seller may waive any additional remedies stipulated for in the contract, and recover in an action for goods sold and delivered." *United Machinery Co.* v. *Etzel*, 89 Conn. 336, 342, 94 Atl. 356; *Beach's Appeal*, 58 Conn. 464, 20 Atl. 475.

As to the law of New York, see *Gray* v. *Booth*, 64 N. Y. App. Div. 231, 71 N. Y. Supp. 1015; *Norton* v. *Abbott*, 113 N. Y. Supp. 669; *Taylor* v. *Esselstyn*, 62 Misc. 633, 115 N. Y. Supp. 1105; *Mortenson Woodworking Co.* v. *Raabe*, 171 N. Y. Supp. 128.

There is error, the cause is remanded with direction to set aside the judgment as of nonsuit, and a new trial is ordered.

In this opinion the other judges concurred.