GENERAL ELECTRIC CONTRACTS CORPORATION, A CORPORATION, ETC., PLAINTIFF-APPELLANT, v. WILBUR V. BAND, DEFENDANT-APPELLEE.

Submitted October 11, 1935—Decided August 27, 1936.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the plaintiff-appellant, *Herman J. Finn.*

For the defendant-appellee, *William Cantor* (*Seymour Cantor,* of counsel).

PER CURIAM.

This appeal brings up for review a judgment entered upon the verdict of a jury in the District Court in favor of the defendant-appellee and against the plaintiff-appellant.

On June 15th, 1934, defendant purchased from Clark Adams, Incorporated, a General Electric refrigerator and executed a contract of conditional sale which provided for a down payment of $9 and twenty-eight monthly installments of $7.26 each. The contract further provided that title to the

refrigerator was to remain in the seller until the entire time price was fully paid in cash, and in the event the buyer failed to pay said time price or any part thereof when due, then the entire unpaid price shall at once become due and payable. Thereafter Clark Adams, Incorporated, assigned the contract to the plaintiff. The payments due November 16th, December 16th, 1934, January 16th, February 16th, 1935, were not paid and plaintiff under the contract declared the unpaid balance of $174.24 due and payable and when payment was not made, instituted this suit. All this was proven at the trial without contradiction and was in effect admitted by the defendant.

The defense was that on or about February 1st, 1935, an adjuster of the plaintiff called to see defendant concerning the several delinquent payments; that defendant informed the adjuster that he had not been paid his salary as an employe of Atlantic City since October, 1934, and hence was unable to make the monthly payments; that the adjuster informed him that unless the delinquent payments were made plaintiff would be obliged to take the refrigerator; that defendant inquired as to what would become of the payments already made and was informed that the plaintiff would retain those for the use of the box; that defendant told the adjuster that he could not make the payments and was informed by him that he was obliged to take the box; that he, the defendant, then said, "you are retaking the box and also keeping the money which I have paid," and was informed, "yes, I will have our men pick it up in the morning;" that no one called for the box the next morning or any time thereafter, nor did anyone call to see him concerning the box of which he still retained possession; that thereafter this suit was instituted.

At the conclusion of the defendant's case plaintiff moved for a directed verdict in its favor upon the grounds that the proof was uncontradicted that the sum of $174.24 was due and unpaid; that defendant's conversation with the adjuster did not constitute a defense because the contract in question gives the seller, or its assigns, the right to sue for the unpaid balance immediately upon default, and this right is in addi-

tion to the right to repossess the refrigerator; that the contract provides that these rights are cumulative and not alternative, and in the present case, they are taking advantage of the right to sue for the unpaid balance; that the contract provides that it may be assigned without notice to the buyer, and when assigned, shall be free from any defense, counter-claim or cross-complaint of the buyer; that there was no testimony showing any consideration for the alleged subsequent agreement to accept the return of the box instead of insisting upon the performance of the contract; and if there was such an agreement it would constitute a waiver of the seller's rights under the contract, and could not be binding since the contract provides that no waiver or modification shall be binding unless written upon or attached to the contract.

This motion was denied and exception allowed, and the jury returned a verdict of no cause of action.

We think that the court erred in refusing to direct a verdict in favor of the plaintiff since it was uncontradicted that the sum of $174.24 was due and unpaid, and the defendant still had the actual possession of the box.

As we have seen, the contract provides for monthly payments and reservation of title until the installments are paid in full and gives the seller, or its assigns, the right to sue for the unpaid balance immediately upon default, and to repossess the refrigerator upon default. Not only that, but our Uniform Conditional Sales act (2 *Cum. Supp. Comp. Stat., p.* 3129, § 182-87) defines the rights and obligations of the parties. Section 3, *supra, p.* 3130, § 182-89, provides that the buyer is liable to the seller for the purchase price, or for installments thereof, as the same becomes due, whether or not the property has passed to the buyer. (This is declaratory of the common law. *R. C. Bartley Co.* v. *Lee,* 87 *N. J. L.* 19; 93 *Atl. Rep.* 78.) Section 16, *supra, p.* 3133, § 182-102 provides that when the buyer is in default in the payment of any sum due under the contract, the seller may retake possession of the goods, and upon the performance of certain statutory provisions outlined in sections 19, 21, 22 and 24, *supra, pp.* 3134, 3135, §§ 182-105, 107, 108, 110, the buyer would be

liable for a deficiency, if any, if the proceeds of the resale are not sufficient to defray the expenses thereof and the balance due on the purchase price. It seems clear, all things considered, that the seller is not restricted to any one particular remedy. The contract executed by the buyer in this case provides that all rights and remedies are cumulative and not alternative. The fact that the seller has other remedies does not limit or defeat his right to insist upon the payment of the price by the buyer. This right could only be limited in the event he actually retook the physical possession of the refrigerator and in that event he would still have a right to resell the refrigerator, purchase at his own sale (section 19, *supra*) and hold the buyer liable for any deficiency including all expenses incurred in the transaction. *Sager* v. *Schmidt*, 98 *Conn.* 736; 120 *Atl. Rep.* 504; *United Machinery Co.* v. *Etzel*, 89 *Conn.* 336; 94 *Atl. Rep.* 356. In this case there has been no actual physical retaking of the refrigerator. It is still in the possession of the defendant, who admitted he had not paid the balance due. Under these circumstances the court should have directed a verdict in favor of the plaintiff.

We think there was no consideration to support the alleged subsequent promise of the plaintiff's agent to retake the box and waive its rights under the contract to enforce payment. Since the seller has a right to retake the box upon default and retain the payments made, any subsequent promise to retake the box and waive the right to insist upon performance of the contract and agree not to hold the buyer for any deficiency upon resale would be without consideration. Viewing the defendant's testimony in the most favorable light it was merely a promise on the part of the plaintiff's representative that he would retake the box and relieve him from any further responsibility. The right to retake the box upon default was a right the plaintiff always had. It was given to him both by the contract and by the Uniform Conditional Sales act. Certainly such a promise, without more, would not defeat the right of the plaintiff to insist upon the performance of the covenant to pay, the right likewise given it both by the contract and the Uniform Conditional Sales act. The only purported consideration to support the promise that the

plaintiff would retake the refrigerator and not look to the defendant for performance under the terms of the contract or sue him for any deficiency upon resale was the promise to surrender the box. This alleged consideration was unreal, since the contract itself gives this right. Concededly, the defendant was in default and he gave up nothing whatever to be relieved of liability. Such a purported promise on the part of the plaintiff was *nudum pactum*. *Durant* v. *Block*, 113 *N. J. L.* 509; 174 *Atl. Rep.* 889; *Conover* v. *Stillwell*, 34 *N. J. L.* 54; *Hasbrouck* v. *Winkler*, 48 *Id*. 431; 6 *Atl. Rep*. 22.

Also it seems clear that the plaintiff did not lose its right to sue for the price by a mere statement of intention to retake the refrigerator, where, as here, nothing was done towards taking possession thereof. *Pacific Carbonator Co.* v. *Haydes*, 26 *Cal. App.* 607; 147 *Pac. Rep*. 988; *Edward Thompson Co.* v. *Brown*, 171 *Minn*. 483; 214 *N. Y.* 284; *Claude Neon Lights, Inc.*, v. *Kingsberg*, 142 *N. Y. Misc.* 608; 254 *N. Y. S.* 467.

Our conclusion is that the judgment must be reversed, with costs, and the record remitted to the court below for further proceedings agreeably to this opinion. Such will be the order.