### WESLEY E. MORSE *v.* MILDRED LEAMER MORSE.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued June 3—decided June 26, 1941.

*W. Arthur Countryman, Jr.* and *John P. Harbison,* for the appellant (plaintiff).

*Allan K. Smith,* for the appellee (defendant).

AVERY, J. The plaintiff brought this action against his wife for a divorce, claiming intolerable cruelty and desertion. The salient facts found by the trial court are these: The parties were married in Iowa on December 25, 1919, and soon removed to Connecticut where they have since continuously resided. From the time of their marriage until the spring of 1934 the life of the parties was comparatively happy and normal. In the spring of that year, the plaintiff on returning from a trip to New York changed his attitude toward the defendant from friendliness to hostility and his

affection for her ceased. In September of that year, he ceased to have marital relations with her and slept in a room apart, and without cause ceased to speak to her and continued to do so until March, 1936, when he left her. Thereafter, he arranged to pay for her support $7 a week, continuing to do so for about a year, when he stopped, but resumed payments again after she made a complaint to the police court.

On this appeal, the plaintiff has annexed the entire evidence in the case and sought various additions and corrections to the finding, which is very much in detail. These corrections, if made, would go to show that the defendant criticised the plaintiff's friends, his parents, and himself, acted hatefully, stared at him balefully, and exhibited no signs of affection toward him, and he claims that as a result of that conduct his health was affected and that he was justified in separating from the defendant for that reason in 1936. None of these corrections asked are admitted or undisputed facts. In the main, they were supported by the testimony of the plaintiff and for the most part disputed by the defendant. A fact is not admitted or undisputed merely because one or more witnesses testify to it and no one denies it, for it is for the trial court to determine what credence it will give to the witnesses. Practice Book, § 353; *Searle* v. *Gerent*, 114 Conn. 671, 674, 159 Atl. 892. In effect, the plaintiff asks us to re-examine the evidence, find the facts, and arrive at a different conclusion from that of the trial court. This is not our province. Even the addition of most of the facts asked by the plaintiff would not establish either desertion or intolerable cruelty as a matter of law. To establish intolerable cruelty "there must not only be proof of acts of cruelty on the part of the offending party but proof that in their cumulative effect upon the other party they are in-

tolerable in the sense of rendering the continuance of the marital relation unbearable." *Kilpatrick* v. *Kilpatrick,* 123 Conn. 218, 221, 193 Atl. 765; *Van Guilder* v. *Van Guilder,* 100 Conn. 1, 3, 122 Atl. 719. "The statutory offense of desertion . . . contains in it the intent to put an end to the marital condition, and the intent never to renew it." *McCurry* v. *McCurry,* 126 Conn. 175, 178, 10 Atl. (2d) 365; *Tirrell* v. *Tirrell,* 72 Conn. 567, 571, 45 Atl. 153.

After the testimony in the case had been completed and during argument, the plaintiff's counsel claimed that the defendant had not denied certain testimony of the plaintiff; and upon motion of the defendant's counsel the court permitted the defendant to resume the witness stand and deny specifically many of the claimed acts attributed to her by the plaintiff and his witnesses. This was a matter for the discretion of the court in a case of this character and reversible error cannot be predicated upon it. *Hauser* v. *Fairfield,* 126 Conn. 240, 242, 10 Atl. (2d) 689.

There is no error.

In this opinion the other judges concurred.