GEORGE WALKINSHAW *v.* EDWARD J. O'BRIEN.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 7—decided June 4, 1943.

*Victor M. Gordon,* with whom, on the brief, was *David B. Cohen,* for the appellant (plaintiff).

*T. Holmes Bracken,* for the appellee (defendant).

PER CURIAM. This action is one of replevin for a small automobile known as a midget racer and a trailer used to transport it. They had been attached by the defendant, a deputy sheriff, in a suit by LeRoy Perry against the plaintiff's brother Robert, and from a judgment for the defendant the plaintiff has appealed.

The court found the following material facts: Robert purchased the racer in July, 1940, and paid $250 of his own money for it. He kept it in his possession, buying parts and repairing it as needed, and used it until it was attached. During the summer and fall of

1940 he built a trailer which, whenever it was used, bore markers issued in his name. The trailer was necessary in order to transport the racer and together they constituted a single unit. The plaintiff occasionally did repair work on the racer, and helped in the building of the trailer. He knew of the automobile accident of March 9, 1941, in which Robert was involved, and which gave rise to the cause of action in pursuance of which the attachment was made. On May 3, 1941, the plaintiff registered the trailer in his name and on May 18, 1941, registered the racer with the American Racing Drivers Club, though he never drove it. An alleged sale of his interest in the racer by Robert to the plaintiff on May 29, 1941, was merely a pretense, made in pursuance of a scheme to prevent Robert's creditors, and particularly Perry, from making an attachment. The plaintiff at no time agreed to purchase the racer or trailer, or to pay any consideration for them, nor did he make any such payment, and at all times until attached both remained in Robert's possession. He was their sole owner and the plaintiff never had any title or interest in either. The trial court concluded, first, that Robert was the owner of the racer and trailer when the attachment was made, and, secondly, that the plaintiff had failed to prove that he owned them or was entitled to their possession.

The finding is quite lengthy. The plaintiff attacks many statements in it and seeks to have other facts found to the effect that, at the time the racer was purchased, the plaintiff paid one-half the price and became owner of a half interest in it; that he subsequently acquired, by purchase, Robert's interest in it; that he built the trailer, purchasing all the material for it; and that he was the owner of both when the attachment was made. All the direct testimony as to

the ownership of the racer and trailer was given by the plaintiff and his brother and if believed substantially supported the former's contentions. The trial court states, however, that it did not believe their testimony as to the claimed sale by Robert to the plaintiff, and the record makes that conclusion eminently reasonable. The trial court, however, apparently fell into the error of finding certain facts because it disbelieved testimony that the opposite was true. *State* v. *Poplowski*, 104 Conn. 493, 495, 133 Atl. 671; *Meagher* v. *Colonial Homes Co.*, 109 Conn. 343, 347, 146 Atl. 609. That the only testimony offered supports a fact, and no one denies it, does not of itself establish it as admitted or undisputed. Practice Book, § 353; *Morse* v. *Morse*, 128 Conn. 138, 139, 20 Atl. (2d) 730. We cannot add to the finding the statements requested by the plaintiff, and without them, whatever corrections we could make in it, the conclusion of the trial court that the plaintiff had failed to prove his ownership and right to possession of the racer and trailer at the time it was attached must stand.

There is no error.