COLONIAL FINANCE COMPANY, INC. *v.*
MICHAEL BRODSKY

BALDWIN, INGLIS, O'SULLIVAN, QUINLAN and WYNNE, Js.

Argued October 8—decided November 10, 1953

*Philip Reich,* for the appellant (defendant).

*Jacob Mellitz,* for the appellee (plaintiff).

QUINLAN, J. This action upon a promissory note resulted in judgment for the plaintiff from which the defendant appealed. The complaint alleges the note, its indorsement by the defendant and by the payee, Airway Motor Sales, Inc., and its transfer to the plaintiff. It further alleges that the payment due March 4, 1951, was not paid and that the plaintiff owns the note and has not received payment. The note also provided: "If any of said installments be not paid when due, then all unpaid installments hereof shall immediately become due and payable, without notice or demand. All of the parties hereto, including sureties, endorsers and guarantors, hereby severally waive presentment for payment, notice of non-payment, protest, notice of protest and diligence in bringing suit against any party thereto, and all endorsers and guarantors hereon consent that the time of payment may be extended from time to time after maturity without notice to them." The answer contained three special defenses. The first, alleging a forgery of the note, has been abandoned.

A demurrer to the second defense was sustained, leaving the third in issue. That defense, in substance, alleged that the plaintiff, on or about May 10, 1951, authorized and instructed the defendant to obtain possession of the security for the alleged note in satisfaction thereof and that the defendant thereupon did obtain possession of the security and tendered it to the plaintiff in satisfaction of the note, but that the plaintiff refused to accept it.

The court found the following facts: The note was secured by a conditional bill of sale on a 1950 Buick sedanette automobile. The note was indorsed by the defendant at the request of his brother, an officer of Fairway Motor Sales, Inc. It was indorsed and transferred to the plaintiff by Airway Motor Sales, Inc., for a valuable consideration, and the plaintiff was a bona fide purchaser. The conditional bill of sale was assigned to the plaintiff by Airway Motor Sales, Inc. The automobile was kept in the possession of one Charles Kramer, an officer of the conditional vendee, Fairway Motor Sales, Inc., who executed the conditional sale contract and note on behalf of the corporation. The plaintiff at no time prior to the institution of this suit had any knowledge of the place where the automobile was being kept by Kramer, except that it was outside the state of Connecticut. After the institution of this action, an attorney acting for the defendant requested authority from the plaintiff to repossess the automobile as agent of the plaintiff and the request was refused. Some time in May, 1951, the defendant, through his attorney and a detective agency, without the authority of the plaintiff, had the automobile picked up in the state of New York, where Kramer had sold it in violation of the conditional bill of sale. The vendee from Kramer and the person to whom

that vendee had sold the car came to Connecticut, called upon and received from the plaintiff, acting through its attorney, a letter stating that it had not authorized repossession by the defendant on its behalf.

Section 6321 of the General Statutes, provides: "An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." The holder may proceed on the note or may, at his option, proceed against the security. The remedy provided by a conditional sale contract is not exclusive and does not preclude suit upon the absolute and unqualified promise to pay contained in the note. *Sager* v. *Schmidt,* 98 Conn. 736, 737, 120 A. 504.

The result will have to be controlled by the terms of the contract and the note and by General Statutes, § 6321, a section of the Negotiable Instruments Act. The assignments of error are directed to the court's refusal to find certain paragraphs of the draft finding, to the finding of certain facts, and to the conclusions reached despite the claims of law made by the defendant. The effort is to obtain changes in the finding that would destroy the court's conclusions. No changes can be made in the finding that would be material to the result. There is ample support for the findings as made. Emphasis is laid upon the fact that there was uncontradicted testimony of two witnesses from the learned professions to the effect that the plaintiff had authorized the defendant to repossess the car, and that they should not be dis-

believed. The facts so testified to are not thereby admitted or undisputed. The trial court might disbelieve the testimony or give it a construction at variance with the defendant's claims. *Walkinshaw* v. *O'Brien,* 130 Conn. 151, 153, 32 A.2d 639; *Morse* v. *Morse,* 128 Conn. 138, 139, 20 A.2d 730; *Searle* v. *Gerent,* 114 Conn. 671, 674, 159 A. 892.

Without the additions and changes sought, the conclusions of the trial court that the plaintiff was not required to pursue the security as a condition precedent to the enforcement of the note, that it did not do so or show any interest in doing so, and that it never authorized the defendant to act as its agent in reaching the security must stand. The plaintiff was entitled to judgment.

There is no error.

In this opinion the other judges concurred.