KENNETH G. HARTLIN ET AL. *v.* NICHOLAS CODY

O'SULLIVAN, C. J., BALDWIN, WYNNE, DALY and KING, Js.

Argued June 7—decided July 24, 1957

*T. Holmes Bracken,* for the appellant (defendant).

*Nathan Goldberg,* for the appellees (plaintiffs).

KING, J. The plaintiffs and the defendant entered into a written contract for the installation of a heating system on the second floor of the defendant's building in East Haven. The contract, dated September 23, 1953, took the form of a conditional sale agreement and incorporated by reference a letter written on the preceding day by the plaintiffs to the defendant. The contract price was $1130, payable in cash in two instalments, the first, of $500, when the work was roughed in, and the second, of $630, when it was completed. The contract stated: "Time for making payments . . . shall be and is of the essence of this contract, and if any of the above payments shall be in default . . . the whole amount owing shall become due and payable at the option of the Seller[s]." The sellers guaranteed that the "system, when operated according to directions, will heat all rooms in which registers have been placed to the Buyer's reasonable satisfaction except said guarantee shall not be operative while any default exists in the payment for the furnace as outlined above." It was also provided that "[s]hould occasion arise, within one year from date of sale, for complaint against the service, it is mutually agreed that the Seller[s] will be permitted to examine the installation, system and premises,

and if the installation is at fault, to make such adjustments as are necessary."

Although installation was completed about January 11, 1954, and the defendant has since used the system whenever weather conditions required, he has paid no part of the purchase price. On March 8, 1954, the plaintiffs filed a mechanic's lien on the premises, and on or about July 21, 1954, the defendant procured dissolution of the lien upon the substitution of a bond under the provisions of § 7221 of the General Statutes (as amended, Cum. Sup. 1955, § 2975d).

The plaintiffs instituted this action in September, 1954, seeking, as a first claim for relief, recovery of the amount due under the contract and, as a second claim for relief, an adjudication of the amount due under the mechanic's lien, with interest. The defendant, besides denying the material allegations of the complaint, interposed a special defense alleging that the system was of insufficient capacity and failed to provide adequate heat. A jury trial was had, confined to the issues involved in the first claim for relief. The jury returned a verdict for the plaintiffs on the complaint for $1263.69, being the amount due under the contract, with interest, and a verdict for the plaintiffs on the counterclaim. Judgment was entered December 29, 1955.

The defendant's only exception to the charge was based on the court's failure precisely to give the written requests to charge. An exception is unnecessary in the case of a failure to give a written request to charge. *Degnan* v. *Olson,* 136 Conn. 171, 172, 69 A.2d 642; Practice Book § 153; Maltbie, Conn. App. Proc. (2d Ed.) p. 137. Nor is a court request; it is sufficient if the substance of the reever required to charge in the precise words of a

quest is clearly given. *Jacobs* v. *Swift & Co.,* 141 Conn. 276, 280, 105 A.2d 658; Maltbie, op. cit., p. 134.

Although divided into three paragraphs, the requests to charge covered but one basic proposition, as follows: Under the circumstances, and notwithstanding the provisions of the contract as to times of payment, the buyer had a reasonable time in which to pay; the guarantee was effective until the expiration of this period; and if before its expiration the buyer discovered that the system was not as guaranteed, he would be under no duty to pay until the guarantee was fulfilled, since the obligation to pay within a reasonable time and the guarantee as to heating to the buyer's reasonable satisfaction were mutually dependent. It is obvious that the purpose of the defendant in making these requests to charge was to guard against a finding by the jury that because he had not made payments as provided in the contract the guarantee was inoperative, for if the jury so found, they might hold him liable for the contract price regardless of whether the system performed in accordance with the terms of the guarantee.

The court in effect charged that the plaintiffs were not entitled to recover anything under the contract "unless [they had] fully performed the obligations placed upon [them] by the contract" or unless recovery was possible under the rule of substantial performance, which the court explained in a portion of the charge to which no exception was taken. The court further charged: "If the work was not done to the defendant's reasonable satisfaction . . . the plaintiffs cannot recover. The plaintiffs are under the duty to install a heating system that would substantially heat the premises to the reasonable satisfaction of the buyer." It is

obvious that the jury could have allowed nothing under these instructions unless they found, as their verdict indicates that they did, that the system was as guaranteed. The charge as given completely ignored the exculpatory provision in the guarantee and unequivocally stated that unless the heating system performed to the reasonable satisfaction of the defendant, the plaintiffs could recover nothing. It was far more favorable to the defendant than his requested charge. There is no merit in the claim of error predicated on the failure to give the requests to charge.

The defendant complains of one ruling on evidence. He finished his direct testimony near the close of the day. The next morning, counsel for the plaintiffs began to cross-examine him, utilizing, for the purpose, a transcript of his direct testimony. The defendant objected on the ground that the transcript was not in evidence. Thereupon the plaintiffs offered it in evidence. It does not appear that the defendant objected to its admission, although he did take an exception without giving any reason for doing so. Since no objection was made, the admission of the transcript could not have been erroneous under any circumstances. There was no claim on which the court was asked to rule. Maltbie, Conn. App. Proc. (2d Ed.) § 52.

After the judgment on the verdict, the plaintiffs, in accordance with the second paragraph of their claims for relief, moved that the court adjudicate the amount secured by their mechanic's lien. The court, after hearing, found that the amount secured by the lien, with interest, was $1263.69, and judgment was entered to that effect. See *Burque* v. *Naugatuck Lumber Co.*, 113 Conn. 350, 354, 155 A. 414.

Aside from claims for the correction of the finding which cannot be granted in any particular which will advantage the defendant, the assignments of error on this branch of the case raise the decisive claim that under the wording of the conditional bill of sale the heating system remained personal property, so that in the event of nonpayment the plaintiffs had as a matter of law no right to a mechanic's lien but merely a right to repossess the system under the terms of the conditional bill of sale. This result was claimed to follow from the wording of the contract, in which the parties agreed that "the furnace and all parts thereof and fittings pertaining thereto shall remain personal property as well after it is placed in the building as before, and . . . the title to said furnace and fittings [shall] remain in the Seller[s] until final payment is made in cash and the Buyer hereby agrees that the [sellers have] the right to remove the same in case of default in payment," without liability by reason of such removal. These provisions of the contract were neither recited nor incorporated by reference in the complaint, answer, reply or rejoinder. Practice Book § 41. Consequently, this basic claim of the defendant was not properly raised in the pleadings. It is, however, clear from the record that counsel for both parties, as well as the trial court, tried the case throughout on the understanding that this issue was involved. With some hesitation, we have decided to take the case as treated by the parties and the court, overlooking this informality in the pleadings. *Anselmo* v. *Cox,* 135 Conn. 78, 79, 60 A.2d 767.

The defendant correctly claims that if the mechanic's lien is not valid nothing is secured by the bond. He is also correct in claiming that under our mechanic's lien statute, § 2973d of the 1955 Cumula-

tive Supplement, the "installation of fixtures in a building gives rise to a lien . . . only if the fixtures become a part of the realty, that is, only if they are permanent fixtures." *Stone* v. *Rosenfield,* 141 Conn. 188, 192, 104 A.2d 545. The trial court held that the heating system, upon installation, became a permanent fixture and part of the realty. We have no occasion to review this holding. No third parties are involved, the controversy being solely between the parties executing the conditional sale contract, that is, the plaintiffs, who were the sellers and installers of the system, and the defendant, who was the owner of the building in which the system was installed and who himself did some of the work incident to the installation. They agreed that the system was to remain personal property after the installation as well as before. This they were competent to do, as between themselves, even though the system might be, in all other respects, a permanent part of the real estate, both at common law and under General Statutes § 6694. *Bostwick* v. *Leach,* 3 Day 476, 484; *Curtiss* v. *Hoyt,* 19 Conn. 154, 165; *Landon* v. *Platt,* 34 Conn. 517, 523; *Morey* v. *Hoyt,* 62 Conn. 542, 551, 26 A. 127; *Wetkopsky* v. *New Haven Gas Light Co.,* 88 Conn. 1, 4, 90 A. 30, 90 Conn. 286, 289, 96 A. 950; *Lesser* v. *Bridgeport-City Trust Co.,* 124 Conn. 59, 63, 198 A. 252; 22 Am. Jur. 728 § 17, 731 § 20; see *Radican* v. *Hughes,* 86 Conn. 536, 542, 86 A. 220; *Ward* v. *Ives,* 91 Conn. 12, 21, 98 A. 337.

The plaintiffs are bound by their contract. As to them, the heating system, even if a permanent fixture, is personal property. The provisions of the conditional sale contract under which the system retained its character as personal property are still in force and will continue to be in force until pay-

ment in full is made, under the rule of *Lesser* v. *Bridgeport-City Trust Co.,* supra, 65. The contract alone governed the rights of the parties, at least as between themselves. The plaintiffs could not change its provisions without the defendant's consent. It is true that the plaintiffs could sue, as they did under their first claim for relief, on the promise, contained in the contract, to pay the purchase price of the system, as in cases such as *Appleton* v. *Norwalk Library Corporation,* 53 Conn. 4, 8, 22 A. 681; *O'Neill-Adams Co.* v. *Eklund,* 89 Conn. 232, 236, 93 A. 524; and *United Machinery Co.* v. *Etzel,* 89 Conn. 336, 341, 94 A. 356. But the suit is, nonetheless, a suit on the contract, including its provision that the system would remain personal property "as well after it [was] placed in the building as before." Consequently, cases such as *Alfred Fox Piano Co.* v. *Bennett,* 96 Conn. 448, 449, 114 A. 529, and *Pothier* v. *Reid Air Spring Co.,* 103 Conn. 380, 387, 130 A. 383, relied upon by the trial court, and cases such as *Sager* v. *Schmidt,* 98 Conn. 736, 737, 120 A. 504, and *Colonial Finance Co.* v. *Brodsky,* 140 Conn. 391, 394, 100 A.2d 568, relied upon by the plaintiffs, are not controlling.

Nor are the plaintiffs helped by the provision that in the event of a sale or other disposition of the realty by the defendant any then unpaid balance, less a credit of 1 per cent as a commission for the making of the sale, should forthwith become due and payable and should be paid by the defendant to the plaintiffs within forty-eight hours, and that a failure to pay should "constitute an act of wrongful conversion by the [defendant] of property belonging to the [plaintiffs]." In the first place, there was no such sale or disposition of the real estate, so that the contingency upon which this provision was to

become operative never arose. Furthermore, this language indicates that the plaintiffs quite properly realized that their attempted reservation of title to the system as personal property would be ineffectual against any third person under General Statutes § 6694—and, under the court's finding, at common law—and supports the court's conclusion that objectively, at common law, the intention of the parties in installing the system was to make it a permanent part of the realty. *Capen* v. *Peckham,* 35 Conn. 88, 94; *Tolles* v. *Winton,* 63 Conn. 440, 444, 28 A. 542; *Radican* v. *Hughes,* 86 Conn. 536, 542, 86 A. 220. The use of the words "wrongful conversion," as applied to the sale or disposition of the property, including the heating system, to a third person, is consistent only with the contract provision by which, as between the parties, even if that contingency occurred, the system was to retain its character as personal property. "Wrongful conversion" can apply only to personal property. See *Clark* v. *Whitaker,* 19 Conn. 319, 327; *McKelvey* v. *Creevey,* 72 Conn. 464, 468, 45 A. 4; 1 Harper & James, Torts, § 2.13.

It follows that the plaintiffs had no right to an adjudication, as sought by their motion, of the amount due on their purported mechanic's lien, because the lien was without validity. The result reached here differs from the law in perhaps a majority of jurisdictions. Notes, 58 A.L.R. 1121, 1122; 65 A.L.R. 282, 305. This difference arises because our mechanic's lien law applies only to those fixtures which permanently form a part of, and constitute, real estate. It does not apply to fixtures which are personal property, and the plaintiffs, by their contract, have provided that the heating system should remain their personal property.

There is error in part; the judgment on the verdict is affirmed; the judgment adjudicating the amount due the plaintiffs on the mechanic's lien is set aside and the case is remanded for the rendition of judgment for the defendant on the second claim for relief in accordance with this opinion.

In this opinion the other judges concurred.