**In the Matter of NEW LONDON STORE FIXTURE CO., INC., Debtor.**

**Thomas M. GERMAIN, Trustee, Plaintiff,**

v.

**HOBART CORPORATION, Lawrence and Memorial Hospital, Defendants.**

**Bankruptcy No. 2–87–01036.
Adv. No. 2–88–0068.**

United States Bankruptcy Court, D. Connecticut.

March 21, 1989.

Thomas M. Germain, Hartford, Conn., for plaintiff-trustee.

---

Stephen G. Silverberg, Rabinowitz, Roberts, Hagearty & Silverberg, East Hartford, Conn., for defendant, Hobart Corp.

Rod W. Farrell, McGuire & McGuire, New London, Conn., for defendant, Lawrence and Memorial Hosp.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

The single issue for resolution in this adversary proceeding is the right of an unpaid subcontractor who manufactured and installed a commercial dishwasher in a hospital building to claim and enforce a mechanic's lien against the property owner. The chapter 7 trustee in this case, standing in the shoes of the general contractor, seeks to invalidate the lien in order for the debtor's estate to receive the contract balance due from the property owner and thereby require the subcontractor to share ratably with the estate creditors who hold unsecured claims.

### II.

New London Store Fixture Co., Inc. (the debtor), on April 25, 1987, contracted with Lawrence and Memorial Hospital (Hospital) to make certain modifications and improvements to the kitchen in the Hospital's building located on Montauk Avenue in New London, Connecticut. The contract included the replacement of the Hospital's dishwasher. The debtor obtained the new dishwasher from the defendant, Hobart Corporation, who also did the installation, completing its work on July 29, 1987. Hobart, on August 25, 1987, filed with the Town Clerk of New London a certificate of mechanic's lien in the amount of $37,407.77 against the Hospital property and timely served the Hospital with a notice of intent to claim a lien and with a certificate of lien.

On or about March 29, 1988, Hobart commenced an action to foreclose the mechanic's lien in state court.

Three creditors of the debtor had filed an involuntary chapter 11 bankruptcy petition against the debtor on October 8, 1987. An order for relief was entered by consent of the debtor on December 11, 1987. Upon the motion of a petitioning creditor, the court converted the case to one under chapter 7 on January 19, 1988, and Thomas M. Germain became trustee of the debtor's estate. The trustee commenced the present proceeding on June 23, 1988 against Hobart only, seeking to enjoin Hobart's prosecution of its mechanic's lien foreclosure action. Hobart moved the bankruptcy court to abstain from hearing the trustee's complaint, but at a pretrial conference held on September 19, 1988, Hobart agreed not to pursue its abstention motion, and the trustee agreed to join the Hospital as a party-defendant to his action. The trustee did join the Hospital as a party-defendant and sought to recover from the Hospital the unpaid balance on the contract.[1]

The evidence introduced at the trial disclosed that the dishwasher installed in the Hospital's kitchen is of stainless steel construction, twenty-two feet long, three feet wide, and seven feet high. It contains elaborate, high-pressure, motor-driven washing, sanitizing and rinsing components. The installation required an electrician to wire the dishwasher to the Hospital's electrical system, and a plumber to weld the dishwasher's six or seven pipes to building outlets to handle water, drain and steam functions. The dishwasher is not bolted to the floor, but it is too heavy to be carried and would have to be divided into segments to be removed. Although not work done by Hobart, the dishwasher has a metal addition built onto it to vent steam through a duct in the kitchen ceiling. The useful life of the dishwasher is approxi-

---

**1.** The Hospital, the trustee and Hobart appeared by counsel at a pretrial conference held on December 12, 1988, at which time, in light of the parties' agreement that the bankruptcy court would determine all issues, the court ruled, pursuant to 28 U.S.C. § 157(b)(3), that the proceed-

ing would be treated as a core proceeding. The trustee had alleged in the amended complaint that the matter was a core proceeding, an allegation denied by Hobart and neither admitted nor denied by the Hospital.

mately twenty years. On occasion, such dishwashers may be dismantled and resold as used machines. No party introduced into evidence the terms of the debtor's contract with the Hospital to indicate the extent of the debtor's total work and the complete contract price. The parties stipulated that the balance due on the contract between the debtor and the Hospital was $35,136.50.

### III.

Hobart contends, and the trustee denies, that Hobart's furnishing and installation of the dishwasher is within the provisions of the Connecticut mechanic's lien statutes, Conn.Gen.Stat.Ann. § 49-33 *et seq.* (West Supp.1988). Section 49-33, in pertinent part, provides:

(a) If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances ... and the claim is by virtue of an agreement with or by consent of the owner of the land upon which the building is being erected or has been erected ... or of some person having authority from or rightfully acting for the owner in procuring the labor or materials, the building, with the land on which it stands ..., is subject to the payment of the claim.

.    .    .    .    .

(e) A mechanic's lien shall not attach ... in favor of any subcontractor to a greater extent in the whole than the amount which the owner has agreed to pay any person through whom the subcontractor claims....

(f) Any such subcontractor shall be subrogated to the rights of the person through whom the subcontractor claims, except that the subcontractor shall have a mechanic's lien or right to claim a mechanic's lien in the event of any default by that person....

A subcontractor's right to a mechanic's lien in Connecticut flows "from his equitable entitlement to the lien which would otherwise attach in favor of the general contractor." *Seaman v. Climate Control Corp.*, 181 Conn. 592, 601, 436 A.2d 271 (1980). Furthermore, "all subcontractors are preferred to the general contractor if the lienable fund is inadequate to cover outstanding claims." *Id.* at 605, 436 A.2d 271. Neither the trustee, representing the general contractor, Hobart as the subcontractor, nor the Hospital as the property owner, has made an argument as to whether or not the debtor would have been entitled to claim a mechanic's lien under its contract with the Hospital. From evidence introduced by the trustee that the debtor and the Hospital had "entered into a contract by the terms of which said [debtor] was to perform improvements and modifications to the [hospital's] kitchen", *see* Exh. 2, it is likely that the debtor would have been entitled to a mechanic's lien and, correspondingly, so would Hobart.

I need not, however, rest my ruling on this unargued point because even assuming that the furnishing and installation of the dishwasher were the sole extent of the debtor's obligations under the contract, I conclude that Hobart is entitled to assert a mechanic's lien.

The remedial purpose of the mechanic's lien statute "to furnish security for a contractor's labor and materials requires a generous construction." *Camputaro v. Stuart Hardwood Corp.*, 180 Conn. 545, 550, 429 A.2d 796 (1980). Connecticut case law is clear that the installation of a fixture in an existing building gives rise to a mechanic's lien. *See, e.g., Hartlin v. Cody*, 144 Conn. 499, 506, 134 A.2d 245 (1957). As to what constitutes a fixture, a court will look at all the circumstances involved in the annexing of the article to the property.

The installation of fixtures in a building gives rise to a lien under the statute only if the fixtures become a part of the realty, that is, only if they are permanent fixtures. It is essential to constitute a fixture that an article should not only be annexed to the freehold, but that it should clearly appear from an inspection of the property itself, taking into consideration the character of the annexation, the nature and the adaptation of the arti-

cle annexed to the uses and purposes to which that part of the building was appropriated at the time the annexation was made, and the relation of the party making it to the property in question, that a permanent accession to the freehold was intended to be made by the annexation of the article.

*Stone v. Rosenfield,* 141 Conn. 188, 192–93, 104 A.2d 545 (1954) (citations omitted).

Applying this doctrine to the present matter, I find that the dishwasher constitutes a permanent fixture. I hold no doubt, although no direct evidence was presented, that the Hospital, as the owner of the building and the land, would have intended that the dishwasher be a continuing accession to its property. The very size and weight of the dishwasher, with its many pipes welded to the building's pipes, and the attached metal steam-venting apparatus leading to the duct in the ceiling, taking into account the use of that part of the building as a kitchen, reasonably leads to the conclusion that the dishwasher was an appropriate article adapted to such location and was a permanent fixture. *Cf. Stockwell v. Campbell,* 39 Conn. 362 (1872) (the installation of a portable furnace in the pit of a cellar, held in place by its own weight and easily removable, was a fixture and gave rise to a mechanic's lien).

### IV.

For the reasons stated, judgment will enter that Hobart Corporation holds a valid mechanic's lien on the property of Lawrence and Memorial Hospital and that the sum of $35,136.50, the balance due on the Hospital's contract with the debtor, shall be paid over to Hobart Corporation in satisfaction of its mechanic's lien.