[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff's, William and Marlyn Kelehear, filed this action in Putnam Superior Court, on February 15, 2000, against the defendant, Northeast Specialty Corporation (NSC), alleging breach of contract and violations of the Connecticut Unfair Trade Practices Act (CUTPA). NSC has moved to strike the entire complaint asserting that it fails to state a claim upon which relief can be granted. For the reasons set forth below, the motion to strike is denied.
The following facts are alleged within the complaint. On November 12, 1998, the Kelehears entered into a contractual agreement with NSC, whereby NSC agreed to perform various improvements to their home, including the installation of siding, gutters, down spouts, new windows, new doors, a new roof and new stonework around the home's foundation.[1]
This work was to be performed for the contractual sum of $42,400, payable in installments. NSC performed the work as agreed with the exception of the stonework around the foundation, which NSC has refused to complete unless the Kelehears agree to modify the contract and waive any warranty CT Page 16309 on the stonework.
On October 27, 2000, NSC filed a motion to strike the Kelehears' complaint. In accordance with Practice Book § 10-42, NSC also filed a memorandum of law in support of its motion. Although no grounds were cited on the face of the motion,[2] NSC argues, in its supporting memorandum, that the complaint should be stricken because NSC did not breach the contract and the Kelehears have failed to sufficiently allege a CUTPA violation.
"The purpose of a motion to strike is to contest. . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "Because a motion to strike challenges the legal sufficiency of a pleading [it], consequently, requires no factual findings by the trial court. . . ." (Internal quotation marks omitted.)Eskin v. Castiglia, 253 Conn. 516, 522, 753 A.2d 927 (2000). "A motion to strike . . . admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Doe v. Yale University,252 Conn. 641, 694, 748 A.2d 834 (2000). "The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiff's, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Brackets in original; internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997).
NSC argues that the complaint should be stricken because "the contract specifically indicates that [NSC] would install the stone work subject to company approval [and] . . . [NSC] determined this part of the job could not be successfully completed."[3] (NSC Memorandum, p. 3.) The Kelehears argue that NSC did not perform all of the requirements of the written contract and that the contractual language relied upon by NSC, i.e., that the work was subject to company approval, applied to the entire contract and then became moot once NSC accepted the Kelehears' check and began the work. These arguments address matters of contract interpretation, which the court does not think appropriate for this motion to strike. Contract interpretation generally presents issues properly reserved for the trier of fact. See Tallmadge Bros. v. IroquoisGas Transmission System, 252 Conn. 479, 495, 746 A.2d 1277 (2000);McClintock v. Rivard, 219 Conn. 417, 431, 593 A.2d 1375 (1991).
"[I]n order to allege a breach of contract a plaintiff must allege "(1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party and (4) damages.' . . . Kennedy v.CT Page 16310Westledge, Superior Court, judicial district of New Haven at Meriden, Docket No. 262278 (March 12, 1999, Beach, J.) [(24 Conn.L.Rptr. 268)]. "[In addition,] . . . a complaint must allege the provisions of the contract upon which the claim is based. . . .' Derrig v. Thomas RegionalDirectory Co., [Superior Court, judicial district of Hartford at Hartford, Docket No. 583548 (June 22, 1999, Peck J.)]; see Hartlin v.Cody, 144 Conn. 499, 505, 134 A.2d 245 (1957)." Pitts v. Carabillo, Superior Court, judicial district of Danbury at Danbury, Docket No. 334727 (May 22, 2000, Carroll, J.).
In the present case, the complaint alleges that the Kelehears and NSC had a written contract, that the Kelehears performed all of the conditions related to them, that NSC only partially performed its obligations, failing to do the required stonework, that NSC subsequently attempted to modify the written agreement in exchange for full performance, and that the Kelehears were damaged by NSC's failure to fully perform.
It is fundamental that in a motion to strike the court accepts as true the facts of the complaint. See Doe v. Yale University, supra,252 Conn. 694; Faulkner v. United Technologies Corp., 240 Conn. 576,588, 693 A.2d 293 (1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Lombard v. Edward J. Peters. Jr.,P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000). Viewing these allegations in a light most favorable to the plaintiff's, the court finds that they support a cause of action for breach of contract, and NSC's motion to strike the breach of contract claim is denied.
NSC next argues that the Kelehears fail to state a claim under the Connecticut Unfair Trade Practices Act (CUTPA).[4] As stated supra, the face of the motion does not state upon which ground NSC moves. Upon review of NSC's memorandum, the court is also unable to assess any specific ground briefed therein. NSC heads this section of its memorandum: "Plaintiff Fails to State a Claim for Violation of the Connecticut Unfair Trade Practices Act." (Emphasis omitted.) (NSC's Memorandum, p. 4.) It then goes on to recite the criteria, under the cigarette rule,[5] for a CUTPA claim.[6] NSC provides no analysis on why or how the Kelehears claim is insufficient. It simply recites some federal case law outlining the elements of a CUTPA claim. Claims not adequately briefed are deemed abandoned. See Connecticut National Bankv. Giacomin, 242 Conn. 17, 44-45, 699 A.2d 101 (1997).
Further, although a simple breach of contract is not generally sufficient to satisfy a CUTPA claim; See Emlee Equipment Leasing Corp.v. Waterbury Transmission, Inc., 41 Conn. Sup. 575, 580, 595 A.2d 951
CT Page 16311 (1991); see also Bonnell v. United Parcel Service, Superior Court, judicial district of Danbury at Danbury, Docket No. 315927 (February 7, 1997, Grogins, J.) (18 Conn.L.Rptr. 646, 649); the legislature has clearly taken the position that a contractor's breach of a home improvement contract violates public policy; see General Statutes §20-418 et seq.; and is, therefore, an unfair trade practice.[7]
Accordingly, NSC's motion to strike is denied.
Foley, J.