J-S36029-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RYAN THOMAS REESE | : | |
| | : | |
| Appellant | : | No. 108 WDA 2020 |

Appeal from the Order Dated January 2, 2020
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001118-2015

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.: FILED AUGUST 14, 2020

Appellant, Ryan Thomas Reese, appeals from the order entered in the Fayette County Court of Common Pleas, which denied his first petition brought under the Post-Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. Appellant sexually abused S.L. in 2013 and 2014. On November 9, 2016, a jury convicted Appellant of one count of corruption of a minor. The court sentenced Appellant on January 25, 2017, to 9 to 24 months' incarceration. During sentencing, the court also informed Appellant of his obligation to register and report as a sexual offender for 15 years. This Court affirmed the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

judgment of sentence on May 23, 2018, and our Supreme Court denied allowance of appeal on November 10, 2018. See Commonwealth v. Reese, 192 A.3d 270 (Pa.Super. 2018), appeal denied, 649 Pa. 631, 197 A.3d 1171 (2018) (unpublished memorandum).

On May 17, 2019, Appellant timely filed pro se his first and current PCRA petition. The PCRA court subsequently appointed counsel, who filed an amended PCRA petition on September 10, 2019. Following a December 16, 2019 evidentiary hearing, the court denied PCRA relief on January 2, 2020. On January 21, 2020, Appellant filed a timely notice of appeal and a voluntary concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

> Whether the PCRA court erred in not finding trial counsel...ineffective in her cross-examination of Corporal James Aughinbaugh regarding phone contacts between [Appellant] and S.L.?
>
> Whether the PCRA court erred in not finding [trial counsel] ineffective for failing to effectively cross-examine Corporal Aughinbaugh as to the original reason for the surveillance?
>
> Whether Appellant's sexual offender registration requirements are constitutional?

(Appellant's Brief at 3).

Preliminarily, to be eligible for PCRA relief, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at issue. 42 Pa.C.S.A. § 9543(a)(1)(i). See also Commonwealth v. Williams, 977 A.2d 1174 (Pa.Super. 2009), appeal denied, 605 Pa. 700, 990

A.2d 730 (2010) (explaining that once sentence is completed, petitioner is ineligible for PCRA relief).

Instantly, the court sentenced Appellant on January 25, 2017, to 9 to 24 months' incarceration. The record indicates that Appellant's sentence expired on January 25, 2019, and he is no longer serving a sentence for the underlying conviction. Therefore, Appellant is ineligible for PCRA relief. See id.; 42 Pa.C.S.A. 9543(a)(1)(i).[2] Accordingly, we affirm.

Order affirmed.

_____

[2] In his third issue on appeal, Appellant complains about his registration requirements under SORNA I. Appellant, however, is currently subject to the registration requirements under Revised Subchapter H of SORNA II, as he committed his offense in 2013 and 2014. See Act of Feb. 21, 2018, P.L. 27, No. 10; Act of June 12, 2018, P.L. 1952, No. 29 (collectively, SORNA II) (under SORNA II, General Assembly split SORNA I's former Subchapter H into Revised Subchapter H and Subchapter I; Revised Subchapter H applies to offenders who committed offense on or after December 20, 2012, see 42 Pa.C.S.A. §§ 9799.10-9799.42). Further, Appellant makes no mention of Revised Subchapter H, let alone any cogent argument attacking the statute as unconstitutional. See Commonwealth v. Cosby, 224 A.3d 372 (Pa.Super. 2019), appeal granted in part, ___ A.3d ___, 2020 WL 3425277 (Pa. June 23, 2020) (holding appellant failed to develop on appeal challenge to constitutionality of SORNA II where appellant cited, but did not adequately apply test to determine if challenged provisions of SORNA II constitute criminal punishment). Additionally, Revised Subchapter H's registration provisions have not been declared unconstitutional. See Commonwealth v. Brooker, 103 A.3d 325 (Pa.Super 2014), appeal denied, 632 Pa. 679, 118 A.3d 1107 (2015) (providing duly enacted legislation carries strong presumption of constitutionality). See also Commonwealth v. Torsilieri, ___ Pa. ___, ___ A.3d ___, 2020 WL 3241625 (filed June 16, 2020) (remanding to trial court for additional fact-finding to determine whether Revised Subchapter H amounts to criminal punishment). Thus, to the extent Appellant's third issue can be construed as challenging the constitutionality of Revised Subchapter H, that claim merits no relief on the grounds asserted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/14/2020